IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN M. BRAUN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SQUARE D COMPANY and | : | NO. 02-4001 |
| ENGEL INDUSTRIES, INC. | : | JURY TRIAL DEMANDED |

ANSWER

The defendant, Engel Industries, Inc. By and through its attorneys, Rawle & Henderson, LLP answer to Complaint as follows:

1. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the allegation.

2. Denied. The allegations contained in this paragraph are addressed to a defendant other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the allegations.

3. Admitted.

JURISDICTION AND VENUE

4. Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which the Rules of Civil Procedure require no responsive pleading and are therefore denied.

5. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the allegation.

6. Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which the Rules of Civil Procedure require no responsive pleading and are therefore denied.

7. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the allegation.

## BACKGROUND FACTS

8.  Denied. Answering defendant is without sufficient information to form a belief as to the truth of the allegation.

9.  Denied. The allegations contained in this paragraph are addressed to a defendant other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the allegations.

10. Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which the Rules of Civil Procedure require no responsive pleading and are therefore denied. OR Admitted.

11. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the allegation.

12. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the allegation.

13. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the allegation. Further, the allegations in this paragraph are conclusions of law and/or fact to which the Rules of Civil Procedure require no responsive pleading.

14. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the allegation.

15. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the allegation.

16. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the allegation.

17. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the allegation.

18. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the allegation.

19. Denied. Answering defendant is without sufficient information to form a belief as

to the truth of the allegation.

20. Denied. Answering defendant is without sufficient information to form a belief as to the truth of the allegation.

## COUNT I
### Justin M. Braun v. Square D. Company
### (Strict Liability in Tort)

21. Answering defendant incorporates its responses to paragraphs 1-20 as if set forth fully herein.

22. Denied. The allegations contained in this paragraph are addressed to a defendant other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the allegations.

23. Denied. The allegations contained in this paragraph are addressed to a defendant other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the allegations.

WHEREFORE, answering defendant, Engel Industries, Inc respectfully requests judgment in its favor and against all other parties.

## COUNT II
### Justin M. Braun v. Square D. Company
### (Breach of Warranties)

24. Answering defendant incorporates its responses to paragraphs 1-24 as if set forth fully herein.

25. Denied. The allegations contained in this paragraph are addressed to a defendant other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the allegations.

26. Denied. The allegations contained in this paragraph are addressed to a defendant other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the allegations.

27. Denied. The allegations contained in this paragraph are addressed to a defendant other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the allegations.

28. Denied. The allegations contained in this paragraph are addressed to a defendant other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the allegations.

29. Denied. The allegations contained in this paragraph are addressed to a defendant other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the allegations.

30. Denied. The allegations contained in this paragraph are addressed to a defendant other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the allegations.

31. Denied. The allegations contained in this paragraph are addressed to a defendant other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the allegations.

32. Denied. The allegations contained in this paragraph are addressed to a defendant other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the allegations.

33. Denied. The allegations contained in this paragraph are addressed to a defendant other than answering defendant herein. Answering defendant is therefore advised that no further answer is required to the allegations.

WHEREFORE, Answering Defendant, Engel Industries, Inc. demands judgment its favor and against all other parties.

COUNT III
Justin M. Braun v. Square D. Company
(Negligence)

34.     Answering Defendant incorporates its responses to paragraphs 1-33 as if set forth fully herein.

35.     Denied.  The allegations contained in this paragraph and subparagraphs (a-n) are addressed to a defendant other than answering defendant herein.  Answering defendant is therefore advised that no further answer is required to the allegations.

WHEREFORE, Answering Defendant, Engel Industries, Inc. demands judgment its favor and against all other parties.

COUNT IV
Justin M. Braun v. Engel Industries, Inc.
(Strict Liability in Tort)

36.     Answering Defendant incorporates its responses to paragraphs 1-35 as if set forth fully herein.

37.     Denied.  The allegations contained in this paragraph are conclusions of law and/or fact to which no responsive pleading is required under the rules of Civil Procedure and strict proof of same will be required at the time of trial.

38.     Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which no responsive pleading is required under the rules of Civil Procedure and strict proof of same will be required at the time of trial.  To the extent that a response may be necessary but not in derogation of the foregoing, answering defendant denies that it is liable for any damages sustained by plaintiff.  Further, answering defendant did not cause of contribute to any damages or injuries allegedly sustained by plaintiff.

WHEREFORE, Answering Defendant, Engel Industries, Inc. demands judgment its favor and against all other parties.

COUNT V
Justin M. Braun v. Engel Industries, Inc.
(Breach of Warranty)

39. Answering Defendant incorporates its responses to paragraphs 1-38 as if set forth fully herein.

40. Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which no responsive pleading is required under the Rules of Civil Procedure.

41. Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which no responsive pleading is required under the Rules of Civil Procedure.

42. Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is necessary but no in derogation of the foregoing, answering defendant denies that it is liable for any damages allegedly sustained by plaintiff. Further, no actions or inaction of the part of answering defendant caused or in any way contributed to any damages allegedly sustained by plaintiff. Answering defendant further denies that it made any warranties implied to plaintiff. Likewise, it is denied that answering defendant breached any implied warranties. Answering defendant denies that the Press Brake was defective or dangerous.

43. Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is necessary but no in derogation of the foregoing, answering defendant denies that it is liable for any damages allegedly sustained by plaintiff. Further, no actions or inaction of the part of answering defendant caused or in any way contributed to any damages allegedly sustained by plaintiff. Answering defendant further denies that it made any warranties implied to plaintiff. Likewise, it is denied that answering defendant breached any implied warranties. Answering defendant denies that the Press Brake was defective or dangerous. In addition, answering defendant denies that the Press Brake was unfit, unsafe or not merchantable.

44. Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is necessary but no in derogation of the foregoing, answering defendant

denies that it is liable for any damages allegedly sustained by plaintiff. Further, no actions or inaction of the part of answering defendant caused or in any way contributed to any damages allegedly sustained by plaintiff. Answering defendant further denies that it made any warranties implied to plaintiff. Likewise, it is denied that answering defendant breached any implied warranties. Answering defendant denies that the Press Brake was defective or dangerous. In addition, answering defendant denies that the Press Brake was unfit, unsafe or not merchantable.

    45.  Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is necessary but no in derogation of the foregoing, answering defendant denies that it is liable for any damages allegedly sustained by plaintiff. Further, no actions or inaction of the part of answering defendant caused or in any way contributed to any damages allegedly sustained by plaintiff. Answering defendant further denies that it made any warranties implied to plaintiff. Likewise, it is denied that answering defendant breached any implied warranties. Answering defendant denies that the Press Brake was defective or dangerous. In addition, answering defendant denies that the Press Brake was unfit, unsafe or not merchantable.

    46.  Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is necessary but no in derogation of the foregoing, answering defendant denies that it is liable for any damages allegedly sustained by plaintiff. Further, no actions or inaction of the part of answering defendant caused or in any way contributed to any damages allegedly sustained by plaintiff. Answering defendant further denies that it made any warranties implied to plaintiff. Likewise, it is denied that answering defendant breached any implied warranties. Answering defendant denies that the Press Brake was defective or dangerous. In addition, answering defendant denies that the Press Brake was unfit, unsafe or not merchantable.

    47.  Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is necessary but no in derogation of the foregoing, answering defendant

denies that it is liable for any damages allegedly sustained by plaintiff. Further, no actions or inaction of the part of answering defendant caused or in any way contributed to any damages allegedly sustained by plaintiff. Answering defendant further denies that it made any warranties implied to plaintiff. Likewise, it is denied that answering defendant breached any implied warranties.

48. Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is necessary but no in derogation of the foregoing, answering defendant denies that it is liable for any damages allegedly sustained by plaintiff. Further, no actions or inaction of the part of answering defendant caused or in any way contributed to any damages allegedly sustained by plaintiff. Answering defendant further denies that it made any warranties implied to plaintiff. Likewise, it is denied that answering defendant breached any implied warranties.

WHEREFORE, Answering Defendant, Engel Industries, Inc. demands judgment its favor and against all other parties.

COUNT VI
Justin M. Braun v. Engel Industries, Inc.
(Negligence)

49. Answering Defendant incorporates its responses to paragraphs 1-48 as if set forth fully herein.

50. (a) -(m) Denied. The allegations contained in this paragraph are conclusions of law and/or fact to which the Rules of Civil Procedure require no responsive pleading and are therefore denied. To the extent that a response may be necessary but no in derogation of the foregoing, answering defendant denies that is liable for any damages allegedly sustained by plaintiff. Further, no actions or inactions on the part of answering defendant caused or in any

way contributed to any damages or injuries allegedly sustained by plaintiff.  Answering defendant specifically denies any allegation of negligence.

WHEREFORE, Answering Defendant, Engel Industries, Inc. demands judgment its favor and against all other parties.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Upon Information and belief, the injuries and/or damages alleged by plaintiff, if any were caused solely on the part of the negligence of plaintiff.

### THIRD DEFENSE

In the event alleged in the Complaint occurred as alleged by plaintiff which is denied, it was caused by plaintiff and was no way caused by an act or omission on the part of the answering defendant.

### FOURTH DEFENSE

No conduct on the part of answering defendant contributed to plaintiff's alleged injuries and/or damages.

### FIFTH DEFENSE

Damages sustained by plaintiff, if any, were either entirely or substantially caused by the negligence of plaintiff, including contributory negligence, comparative negligence, assumption of the risks and/or negligence of other parties or persons whom answering defendant had no control or legal right to control.

### SIXTH DEFENSE

Plaintiff's claims are barred or should be reduced as a result of plaintiff's own contributory/comparative negligence under the Comparative Negligence Act of Pennsylvania. 42 Pa. Con. Stat. Ann. §7102

## SEVENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## EIGHT DEFENSE

Any alleged occurrence complained of by plaintiff, said occurrence being specifically denied by answering defendant, was the result of an unavoidable accident or sudden emergency.

## NINTH DEFENSE

The event as described in plaintiff's complaint, if any, as well as any injury, damage and/or loss allegedly sustained by plaintiff, if any, were caused in whole or in part by the negligence, carelessness, and/or recklessness of plaintiff in that he (a) failed to observe due caution and due care under the circumstances; (b) failed to discover or observe the alleged danger, if any; failed to take precautions to avoid injury; (d) by its actions chose a situation of danger, if any, in the preference to one of comparative safety; (e) voluntarily entered into a situation presenting an open and obvious danger, if any; and (f) took a chance of injury from a known risk, if any.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the Statute of Limitations.  13 Pa.Con. Stat. Ann. §2725.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of all injuries and/or losses that may have been sustained.

### TWELFTH AFFIRMATIVE DEFENSE

If the product in question was sold by answering defendant, said product was substantially changed, modified and/or materially altered after it left the possession of manufacturer by a party or parties other than the answering defendant over whom answering defendant had no control or the right of control.

### THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendant cannot be held liable because there was an abnormal unforeseeable use of its product.

### FOURTEENTH AFFIRMATIVE DEFENSE

If plaintiff was injured, then answering defendant avers the product in question was being used in manner not reasonably foreseeable.

### FIFTEENTH AFFIRMATIVE DEFENSE

If plaintiff was injured the product referred to in the complaint was misused or used in a manner which was inconsistent with its intended purpose.

### SIXTEENTH AFFIRMATIVE DEFENSE

If the product in question was sold by answering defendant, then such product was sold in a condition that was reasonably safe for its intended use.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If the plaintiff's injuries sustained as alleged, such injuries expressly denied that the injuries were caused, in whole or in part, by the negligence or want of due care of persons, parties and/or organizations other than answering defendant, and over whom answering defendant had no control, right of control, or responsibility.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Pennsylvania Statute of repose involving improvements to real property. 42 Pa. Cons. Stat. Ann. §5336.

### NINETEENTH AFFIRMATIVE DEFENSE

If the product in question was sold by answering defendant, said product was substantially changed, modified and/or materially altered after it left possession of the manufacture by a party or parties other than answering defendant over whom answering defendant had no control or the right of control.

### **CROSS-CLAIM AGAINST SQUARE D. COMPANY**

51..   If the averments set forth in plaintiff's complaint, or certain of them, are proven to be true and correct at the time of trial, all such averments being incorporated herein by reference, without adopting same or admitting their veracity, and any liability of answering defendant being expressly denied, then the losses and/or damages complained of or caused solely and/or in part by the negligence, careless, recklessness, or other liability-producing conduct of co-defendant Square D. Company  who is alone liability to plaintiff, jointly and severally liable with answering defendant, or liable over to answering defendant by way of contribution and/or indemnity, contractual or otherwise.

**WHEREFORE**, answering defendant, Engel industries, Inc., demands judgment in its favor and against co-defendant Square D. Company, Inc. for a sum that may be awarded to the plaintiff or that answering defendant may be granted indemnity or contribution from said defendant for all or any part of the sums due plaintiff including interest, counsel fees and costs and any other such relief as the Court may deem equitable and just.

                                                RAWLE & HENDERSON LLP

                                                By:

                                                      Thomas P. Wagner, Esquire
                                                    (I.D. No. 27145)
                                                    Attorneys for Defendant,
                                                    Engel Industries, Inc.
                                                    The Widener Building
                                                    One South Penn Square
                                                    Philadelphia, PA 19107
                                                    (215) 575-4307

DATED:

## **CERTIFICATE OF SERVICE**

      I, Delia A. Clark, Esquire do hereby certify that a copy of the foregoing, Stipulation, was sent via regular first class mail on September 12, 2002 to the following:

| | |
|---|---|
| Peter F. Schuchman, Jr., Esquire | John Patrick Kelley, Esquire |
| Kozloff & Stoudt | Kelley, Jasons, McGuire & Spinelli |
| 2640 Westview Drive | Suite 1500, Centre Square West |
| PO Box 6286 | 1500 Market Street |
| Wyomissing, PA 19610 | Philadelphia, PA 19102 |

                         RAWLE & HENDERSON, LLP

                         _____
                         Delia A. Clark, Esquire
                         Identification No. 54656
                         One S. Broad Street
                         The Widener Building
                         Philadelphia, PA 19107
                         (215) 575-4291