Peter F. Schuchman, Jr., Esquire
Pa. Attorney ID# 69343
KOZLOFF STOUDT
2640 Westview Drive
PO Box 6286
Wyomissing, PA  19610
(610) 670-2552                                  Attorneys for Plaintiff

---

| | |
|---|---|
| JUSTIN M. BRAUN, | : IN THE UNITED STATES DISTRICT |
| | : COURT FOR THE EASTERN DISTRICT OF |
| Plaintiff | : PENNSYLVANIA |
| | : |
| v. | : Docket No. 02-CV-4001 |
| | : |
| SQUARE D COMPANY and | : JURY TRIAL DEMANDED |
| ENGEL INDUSTRIES, INC., | : |
| Defendants | : |

---

PLAINTIFF'S ANSWER TO DEFENDANT ENGEL INDUSTRIES, INC.'S, MOTION FOR PARTIAL SUMMARY JUDGMENT

---

1.   Admitted.

2.   Admitted.

3.   Denied as stated.  The operation of the Press Brake may require the operator to hold a piece of sheet metal in place when it is a relatively large piece.  If the sheet metal to be formed is of a size that it may rest on the bed of the die and/or the apron of the Press Brake, the operator will not be holding the sheet metal during the bending process but rather will hold the metal only when moving it in and out of the point of operation. (See Engel corporate designee (Herbert Fischer) deposition transcript attached hereto as Exhibit "A", pp. 23, 54, 65, 77-78, 175-176, see also Justin Braun deposition transcript attached to Defendant's Motion as Exhibit "H", pp. 76-77).

4.   Denied as stated.  The replacement Foot Switch was the identical model Foot

Switch originally specified by Engel and delivered with the Press Brake.

5. Admitted.

6. Denied as stated. Mr. Braun's testimony is self-evident.

7. Admitted. By way of further answer and defense, Justin Braun is voluntarily withdrawing his claims for negligence and breach of warranty against Defendants.

8. Admitted.

9. Denied as a conclusion of law.

10. Admitted.

11. Denied as a conclusion of law.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied as stated. Engel's corporate designee, Herbert Fischer, admitted that Engel cannot state what warnings or caution stickers or any other types of notices were supplied on or with the Press Brake at the time it was sold. (See Herbert Fisher deposition transcript attached hereto as Exhibit "A", pp. 155-157, 178)

16. Denied. Bohrer-Reagan Company did not rely exclusively upon oral instructions. Instead, its employees, who were members of Sheet Metal Workers Union Local 19, received classroom training (See Bob Ashman deposition transcript attached to Defendant Engel's Motion at Exhibit "B", p. 18). Also, Mr. Ashman, who was Justin Braun's shop foreman, read the written materials pertaining to the Press Brake. (Ashman transcript, p. 25). While Mr. Ashman testified that he would "typically" rely on oral

instruction, he was not asked nor did he answer that he would reply "exclusively" on oral instruction.

By way of further answer and defense, Justin Braun is entitled to the "heeding presumption". See Pavlick v. Lane Limited/Tobacco Exporters International, 135 F. 3rd 876, 881 (3rd Cir. 1998); See also Colegrove v. Cameron Machine Co, 172 F. Supp. 2nd 611, 617 (W.D. Pa. 2001). Engel did not supply any warnings regarding the dangers of the point of operation and more importantly, the entrapment hazard presented by the Square D Foot Switch and the hazard of unintended activation nor has Engel supplied any evidence to rebut the presumption that not only Justin Braun but also his employer would have ignored warnings about the dangers at the point of operation and of unintended actuation had Engel given such warnings.

17.    Denied as stated. Mr. Bova's testimony is self-evident.

18.    Denied as stated. Justin Braun's testimony is self-evident. By way of further answer and defense, whether or not Mr. Braun felt adequately informed about how to "operate" the Press Brake does not mean that he felt that he had been adequately informed how to safely operate the Press Brake.

19.    Denied as stated. The testimony of Justin Braun is self-evident. By way of further answer and defense, Justin Braun testified that he did not know that he could get injured on the Press Brake if he was not careful in using it (See Justin Braun deposition transcript attached to Defendant's Motion at Exhibit "H", p. 49-50). By way of still further answer and defense, Mr. Braun further testified that his understanding was that in order to actuate the Press Brake, one had to push down the pedal to the Foot Switch. He did not

know that if one picked it up off the ground it would activate (See Justin Braun deposition transcript attached to Defendant Engel's Motion as Exhibit "H", p. 159).

20. Denied as a conclusion of law. By way of further answer and defense, the report of Robson Lapina attached to Defendant Engel's Motion at Exhibit "F", and the materials which Robson Lapina rely set forth ample evidence by which the jury could find not only that the Press Brake was defective but that its defective condition was the proximate cause of Justin Braun's injuries.

21. Denied as a conclusion of law. By way of further answer and defense, Defendant Engel has not moved for Summary Judgment <u>in toto</u>. Rather, it has <u>conceded</u> that the jury is entitled to determine whether or not its Press Brake was defective and if those defects were the proximate cause of Plaintiff's injuries.

22. Denied as a conclusion of law. By way of further answer and defense, Justin Braun is entitled to the heeding presumption referred to in paragraph 16 herein above, the contents of which are incorporated by reference herein as though set forth verbatim. Justin Braun also relied upon the opinions of Robson Lapina. See Exhibit "F" to Engel's Motion.

23. Denied as a conclusion of law. By way of further answer and defense, Justin Braun is entitled to the heeding presumption referred to in paragraph 16 herein above, the contents of which are incorporated by reference herein as though set forth verbatim. Justin Braun also relied upon the opinions of Robson Lapina. See Exhibit "F" attached to Defendant Engel's Motion.

24. Denied as a conclusion of law. By of further answer and defense, Justin Brain incorporates by reference herein his answer to paragraphs 16 and 22 of Defendant Engel's

Motion as fully as though the same were set forth verbatim.

25.   Denied as stated.  By way of further answer and defense, Justin Braun incorporates by reference herein his answer to paragraph 19 of Defendant Engel's Motion as fully as though the same were set forth verbatim.

26.   Denied as a conclusion of law.  By way of further answer and defense, Justin Braun incorporates by reference herein his answer to paragraph 22 of Defendant Engel's Motion as fully as though the same were set forth verbatim. By way of still further answer and defense, Justin Braun avers that he was not aware of the danger of unintended activation presented by the Press Brake and the Foot Switch. This is bolstered by the testimony of Engel's corporate designee, Herbert Fisher, who admitted as follows:

> Q.   Do you find it personally easier to manipulate pieces of sheet metal with your hands versus small parts holding tongs?
>
> A.   Yes.
>
> Q.   Have you personally intentionally or accidentally placed your fingers in the point of operation of a Bendall press?
>
> A.   Yes.
>
> Q.   Under what circumstances?
>
> A.   Primarily to change dies or to remove a part that might be disoriented.
>
> Q.   When you say disoriented, might this be a part that you're in the process of trying to fabricate and you want to align it properly?
>
> A.   Yes.

Q. And would that be in a circumstance where you're in the process of fabricating it?

A. Yes.

Q. What precautions have you taken in the circumstances -- and I'm talking about you personally -- in the circumstances where your fingers have been in the point of operation of a Bendall?

A. Can you give a time constraint on that?

Q. Any time you've been fabricating.

A. Any time I've bent something with the Bendall.

Q. Yes.

A. There have been various situations.

Q. Okay. Can you give me some examples?

A. Yes. To remove the part there were times when <u>I would move the foot switch safely away so that I didn't accidentally step on it, or I would observe its location</u>. And there have been times when I've turned the power off, depending on the circumstances.

Q. How did you know to move the foot switch away?

A. You can't always see it. It might be beneath the apron, and if you were to step underneath there you couldn't see the switch so you could accidentally step on the silly thing.

Q. Didn't the foot switch you were using have a cover over the top?

A. Yes.

Q. Were you concerned that you could still accidentally activate the foot switch and the machine?

A. What's your question again?

Q. <u>Were you concerned that you could accidentally activate the foot switch, which would activate the Bendall?</u>

A. <u>Yes.</u>

Q. <u>Have you personally experienced your foot ever becoming lodged or stuck in any foot switches you have used in any application?</u>

A. <u>Yes.</u>

Q. When was that?

A. I don't recall.

Q. Was it a Square D foot switch?

A. Probably.

Q. What size feet do you have?

A. Average.

Q. Do you know? Are you wearing a nine or –

A. Eleven.

Q. You're wearing an 11. Were you wearing steel-toed boots at the time?

A. Yes.

Q. Is that what folks at Engel typically wear –

>    A. Yes.
>
>    Q. -- when in the fabricating shop?
>
>    A. Yes.
>
>    Q. That's a good safety practice to wear steel-toed boots around sheet metal, isn't it?
>
>    A. Of course."
>
>                    * * *
>
>    Q. The times that you placed your hands in the point of operation of a Bendall you didn't expect that it was going to activate, did you?
>
>    A. No, or I wouldn't have put them in there. But I was fearful.

(Herbert Fischer transcript attached hereto as Exhibit "A", pp. 141, 144, 158-159) (emphasis added). The gravamen of Mr. Fischer's testimony set forth above is that the Press Brake was hazardous if it actuated at a time not intended by the user, himself included. Mr. Braun had his hand in the vicinity of the point of operation to remove the metal he had fabricated. In fact, operation of the Press Brake requires using one's fingers in close proximity to the point of operation (See Herbert Fischer deposition transcript attached hereto as Exhibit "A', p. 58). Justin was injured because the Foot Switch and Press Brake actuated at a point in time he did not expect nor intend to wit, when the Foot Switch was off the ground, lodged on Justin's foot. The possibility that such an event could occur is what was foreseeable to Engel and what Engel should have warned Justin and his employer about.

    27. Denied as a conclusion of law. By way of further answer and defense, Justin

Braun incorporates by reference herein his answer to paragraphs 22 and 26 of Defendant Engel's Motion as fully as though the same were set forth verbatim.

    28.    Denied as a conclusion of law. By way of further answer and defense, even though the Press Brake had attached to it a replacement Foot Switch, the replacement Foot Switch was <u>identical</u> to the Foot Switch initially specified to be supplied by Engel with its Press Brake. All that is required of Justin Braun to prove, regarding the condition of the Press Brake, is that it was in materially the same condition as when it left Engel's control. Engel's designee admitted that it was. (See Herbert Fischer deposition transcript attached hereto as Exhibit "A', p. 18). The mere replacement of a component part, which performs the identical actuation function as the original part, did not materially change the Press Brake and, therefore, does not insulate Engel from liability.

    WHEREFORE, Plaintiff, Justin Braun, requests this Honorable Court to enter an Order that Defendant Engel's Motion for Partial Summary Judgment be DENIED.

                                              KOZLOFF STOUDT

                                        _____/s/_____
                                        Peter F. Schuchman, Jr., Esquire
                                        Attorney for Plaintiff

Peter F. Schuchman, Jr., Esquire
Pa. Attorney ID# 69343
KOZLOFF STOUDT
2640 Westview Drive
PO Box 6286
Wyomissing, PA   19610
(610) 670-2552                              Attorneys for Plaintiff

_____

| | |
|---|---|
| JUSTIN M. BRAUN, | : IN THE UNITED STATES DISTRICT COURT |
| | : FOR THE EASTERN DISTRICT OF |
| Plaintiff | : PENNSYLVANIA |
| | : |
| v. | : Docket No. 02-CV-4001 |
| | : |
| SQUARE D COMPANY and | : JURY TRIAL DEMANDED |
| ENGEL INDUSTRIES, INC., | : |
| Defendants | : |

_____

## Certificate of Service
_____

     I, Peter F. Schuchman, Jr., Esquire, attorney for Plaintiff, certify that on August 11, 2003, that I electronically filed the foregoing *Plaintiff's Answer to Defendant Engel Industries, Inc.'S, Motion for Partial Summary Judgment* via the ECF system and it is available for viewing and downloading from the ECF system.  I further certify that the foregoing *Plaintiff's Answer to Defendant Engel Industries, Inc.'S, Motion for Partial Summary Judgment* was served upon the following party by <u>first class mail</u>:

| | |
|---|---|
| Michael P. Zipfel, Esquire | W. Matthew Reber, Esquire |
| Rawle & Henderson LLP | Center Square West, Suite 1500 |
| The Widener Building, 16th Floor | 1500 Market Street |
| 1339 Chestnut Street | Philadelphia, PA 19102 |
| Philadelphia, PA 19102 | |

                                      KOZLOFF STOUDT

                                      _____/s/_____
                                      Peter F. Schuchman, Jr., Esquire
                                      Attorney for Plaintiff

Peter F. Schuchman, Jr., Esquire
Pa. Attorney ID# 69343
KOZLOFF STOUDT
2640 Westview Drive
PO Box 6286
Wyomissing, PA   19610
(610) 670-2552                    Attorneys for Plaintiff

_____

| | |
|---|---|
| JUSTIN M. BRAUN, | : IN THE UNITED STATES DISTRICT |
|  | : COURT FOR THE EASTERN DISTRICT OF |
| Plaintiff | : PENNSYLVANIA |
|  | : |
| v. | : Docket No. 02-CV-4001 |
|  | : |
| SQUARE D COMPANY and | : JURY TRIAL DEMANDED |
| ENGEL INDUSTRIES, INC., | : |
| Defendants | : |

_____

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT ENGEL INDUSTRIES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
_____


I    STATEMENT OF QUESTION INVOLVED

SHOULD THE COURT DENY ENGEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT BASED UPON ITS CLAIM THAT IT HAD NO DUTY TO WARN OF THE HAZARDS ASSOCIATED WITH ITS PRESS BRAKE WHERE THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER OR NOT JUSTIN BRAUN HAD SUBJECTIVE KNOWLEDGE OF THE HAZARD OF HIS FOOT BECOMING ENTRAPPED IN THE FOOT SWITCH AND UNINTENTIONALLY ACTUATING THE PRESS BRAKE?

SUGGESTED ANSWER:   Yes.

II   STATEMENT OF THE CASE

Justin Braun incorporates by reference herein the Statement of the Case contained

in his Brief in Opposition to Square D's Motion for Summary Judgment, as well as the

contents of his Answer to Engel's Motion for Partial Summary Judgment as fully as though the same were set forth verbatim.

Engel has filed a Motion for Partial Summary Judgment. It does not dispute that the jury is entitled to determine if its Press Brake was defective, and that the defects caused Justin Braun's injuries. For purposes of this motion, it alleges essentially that it had no duty to warn Justin Braun of any dangers associated with the use of the Press Brake because it claims that Justin was aware of the danger of placing his hands within the Press Brake point of operation. Justin files this Brief in opposition to Engel's Motion because Engel ignores Justin's evidence that the hazard that caused his harm, i.e., unintended actuation caused by entrapment of his foot in the Foot Switch, was neither obvious nor known by Justin.

III   ARGUMENT

> THE COURT SHOULD DENY ENGEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT BECAUSE THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER OR NOT JUSTIN BRAUN HAD SUBJECTIVE KNOWLEDGE OF THE HAZARD OF HIS FOOT BECOMING ENTRAPPED IN THE FOOT SWITCH AND UNINTENTIONALLY ACTUATING THE PRESS BRAKE.

This Court may only grant summary judgment, "if the pleadings, depositions, answers to Interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that Engel, as the moving party, is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Engel bears the initial burden of showing the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). If Engel fails to meet this burden under Rule 56(c), its motion must be denied.

Furthermore, if Justin Braun, as the non-moving party, produces evidence such that a reasonable jury could return a verdict against Engel, an issue of genuine fact exists and the court must deny Engel's motion <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).  When deciding whether a genuine issue of fact exists, this Court is to believe the evidence of Justin Braun, and must draw all reasonable inferences in the light most favorable to him. <u>Id</u>. at 255.  Moreover, a Court must not consider the credibility or weight of the evidence presented, even if the quantity of the moving party's evidence far outweighs that of the non-movant.  <u>Big Apple BMW, Inc. v. BMW of North America, Inc.</u>, 974 S. 2d 1358, 1363 (3d Cir. 1992).  Nevertheless, a party opposing summary judgment must do more than rest upon the mere allegations, general denials, or vague statements.  <u>Trap Lock Industries, Inc. v. Local 825</u>, 982 F.2d 884, 890 (3d Cir. 1992).  If the non-moving party meets this burden the motion must be denied.  <u>Celotex</u>, 477 U.S. at 322-23.

Engel has not established that there is no genuine issue of material fact such that would entitle it to partial summary judgment.  To the contrary, the record demonstrates the following:

1. Justin was injured when his foot became entrapped in the Foot Switch which caused the Press Brake to actuate at a time he did not intend for it to do so (See Robson Lapina report; Braun transcript, pp. 70-72);

2. Engel was aware that operation of its Press Brake often required the operator's placement of his fingers very near, and sometimes within the point of operation (See Fischer transcript, pp. 58, 69, 77, 141, 158-59);

3. Engel was aware that the Press Brake may be activated at a time not intended by its operator. (See Fischer transcript, p. 76, 143);

3

> 4. Engel did not supply any warnings pertaining to the Press Brake point of operation, including warnings of the foot entrapment hazard, that the Foot Switch could actuate when not on the floor, or the hazard that the Press Brake could actuate at a time not intended by Justin. (See Fischer transcript, p. 27-29, 31, 109, 128, 157).

1. **THERE IS AMPLE EVIDENCE FOR THE JURY TO CONCLUDE THAT ENGEL'S FAILURE TO WARN OF THE ENTRAPMENT HAZARD AND THE HAZARD OF UNINTENDED ACTUATION OF THE PRESS BRAKE WAS A DEFECT THAT CAUSED JUSTIN BRAUN'S INJURIES**

Engel, like Square D, has attempted to distort Justin's testimony to distract the Court from a danger presented by the Press Brake -- it can actuate at a time not intended by the operator. Justin testified that he was aware that if the Press Brake's ram came down on his fingers, he could be injured. What Engel ignores, and hopes the Court will ignore, is Justin's testimony: "My understanding is you had to push the pedal down to operate it. I didn't know if you picked it up off the ground, it would activate." (Braun transcript, p. 159). What Engel also ignores, and hopes the Court will ignore, are the admissions of its own designee that the Press Brake can cause serious injury if it actuates when not intended by the operator and that he himself has placed his fingers in the point of operation only at a time when he believed the Press Brake would not actuate. (See Fischer transcript, pp. 77, 141, 144, 158-59). The record establishes that Engel knew that operators of its Press Brakes place their fingers in the vicinity of, and even within the point of operation. This includes Engel's own designee! That act is not dangerous unless the Press Brake actuates. (See Fischer transcript, p. 158-59). At the time Justin was hurt, he did not expect that the Press Brake would actuate. (See Affidavit of Justin Braun attached hereto as Exhibit "A"). It is undisputed that Engel did not warn Justin, or anyone else, that the Press Brake could

actuate at a time he did not expect.  <u>That</u> is a condition of the Press Brake that caused Justin's harm and, therefore, a condition of which Engel should have provided a warning.

In addition to the foregoing direct evidence of causal link between the absence of a warning and Justin Braun's harm, Justin Braun is entitled to a rebuttable presumption that he and his employer would have heeded appropriate warnings, had they been given. See <u>Colegrove v. Cameron Machine Co</u>, 172 F. Supp. 2nd 611, 617 (W.D. Pa. 2001), citing <u>Pavlik v. Lane Limited/Tobacco Exporters Int'l.</u>, 135 F.3d 876, 883 (3d Cir. 1998).  This rebuttable "heeding presumption" is sufficient proof for Justin Braun's claim that the absence of warnings was a proximate cause of his injuries to reach the jury.[1]

Engel correctly states that one way the heeding presumption may be rebutted is if the Plaintiff was previously fully aware of the hazard that caused his harm and proceeded anyway. See <u>Colegrove</u>, at 618.  As set forth at length above, Justin did not know about the hazards of foot entrapment and unintended actuation.  Engel, therefore, cannot rebut the heeding presumption.

Engel has also taken the position in its Motion that the heeding presumption is rebutted by Bohrer-Reagan's "typical" reliance on oral instruction to its employees about safe handling of equipment such as the Press Brake.  This does not carry Engel's burden to establish an absence of genuine issue of material fact.  Engel ignores that it did not provide <u>any</u> warnings of the entrapment hazard, or the hazard of unintended actuation.

---

[1] Obviously recognizing that the heeding presumption pronounced by the Court of Appeals in <u>Pavlik</u> is fatal to its motion, Engel goes to great pains to show that the presumption is not the law in Pennsylvania and should not be employed in this case. Despite Engel's effort to second guess the Court of Appeals, however, <u>Pavlik</u> is binding upon this Court and Justin Braun is entitled to the presumption at trial.

The heeding presumption provides that the employer would have heeded the warnings, if they had been given. Colegrove, supra. Even assuming that Bohrer-Reagan would still have relied upon oral instruction, Justin Braun is entitled to the presumption that Bohrer-Reagan would have told him about the entrapment and unintended actuation hazards, presumably because they are non-obvious defects that can lead to precisely the kind of tragic injuries sustained by Justin. Moreover, what Engel "typically" does with regard to instructing its employees is not proof of what Engel would have done if Engel had supplied the missing warnings. At a minimum, therefore, whether or not Engel may rebut the heeding presumption is a genuine issue of material fact for the jury to determine.

    2.    The Square D Foot Switch, whether or not the original switch specified and supplied with the Press Brake, was a component part of and sole means of actuating the Press Brake

The Foot Switch was a component part of the Press Brake . (See Fischer transcript, p. 162). It was the means of actuation of the Press Brake. (See Fischer transcript, pp. 47, 92-93). It was connected to and supplied with the Press Brake at the time of delivery to Bohrer-Reagan. (See Fischer transcript, p. 162). When the original Foot Switch wore out, Bohrer-Reagan replaced it with an identical Foot Switch. There is no material difference between the Foot Switch as a component part of the overall Press Brake versus an internal gear, a belt in the drive mechanism or any other moving part that may wear out and be replaced. It gets replaced and re-incorporated into the product sold by Engel, i.e., the Press Brake. The Press Brake contained a Square D Foot Switch when it was delivered to Bohrer-Reagan and it was in materially the same condition when Justin Braun was hurt. (See Fischer transcript, p. 18). The mere replacement of a component part, which performs the

identical actuation function as the original part, did not materially change the Press Brake. It does not, therefore, insulate Engel from liability.[2]  This Court, therefore, should deny Engel's Motion for Partial Summary Judgment.

IV  CONCLUSION

For all the foregoing reasons, Plaintiff, Justin Braun, requests that this Honorable Court enter an Order that Engel's Motion for Partial Summary Judgment be DENIED.

Respectfully submitted,

KOZLOFF STOUDT


_____/s/_____
Peter F. Schuchman, Jr.
Attorney for Plaintiff

---

[2]  The Snyder case cited by Engel is inapposite.  There, the Court found that the designer of a process who supplies a certain technology to create zinc dust did not sell a "product" so as to give rise to Section 402A liability.  Any claim by Engel that is did not sell a "product" is absurd.

7

Peter F. Schuchman, Jr., Esquire
Pa. Attorney ID# 69343
KOZLOFF STOUDT
2640 Westview Drive
PO Box 6286
Wyomissing, PA   19610
(610) 670-2552                            Attorneys for Plaintiff
_____

| | |
|---|---|
| JUSTIN M. BRAUN, | : IN THE UNITED STATES DISTRICT COURT |
| | : FOR THE EASTERN DISTRICT OF |
| Plaintiff | : PENNSYLVANIA |
| | : |
| v. | : Docket No. 02-CV-4001 |
| | : |
| SQUARE D COMPANY and | : JURY TRIAL DEMANDED |
| ENGEL INDUSTRIES, INC., | : |
| Defendants | : |

_____

**Certificate of Service**
_____

     I, Peter F. Schuchman, Jr., Esquire, attorney for Plaintiff, certify that on August 11, 2003, that I electronically filed the foregoing *Plaintiff's Brief in Opposition to Defendant Engel Industries, Inc.'s Motion for Partial Summary Judgment* via the ECF system and it is available for viewing and downloading from the ECF system.  I further certify that the foregoing *Plaintiff's Brief in Opposition to Defendant Engel Industries, Inc.'s  Motion for Partial Summary Judgment* was served upon the following party by <u>first class mail</u>:

| | |
|---|---|
| Michael P. Zipfel, Esquire | W. Matthew Reber, Esquire |
| Rawle & Henderson LLP | Center Square West, Suite 1500 |
| The Widener Building, 16th Floor | 1500 Market Street |
| 1339 Chestnut Street | Philadelphia, PA 19102 |
| Philadelphia, PA 19102 | |

                                         KOZLOFF STOUDT

                                         _____/s/_____
                                         Peter F. Schuchman, Jr., Esquire
                                         Attorney for Plaintiff