Kozloff Stoudt Doc. #160185 v.1

Peter F. Schuchman, Jr., Esquire

Pa. Attorney ID# 69343

KOZLOFF STOUDT

2640 Westview Drive

PO Box 6286

Wyomissing, PA   19610

(610) 670-2552                                    Attorneys for Plaintiff

_____

JUSTIN M. BRAUN,                          : IN THE UNITED STATES DISTRICT
                                          : COURT FOR THE EASTERN DISTRICT OF
                    Plaintiff             : PENNSYLVANIA
                                          :
        v.                                : Docket No. 02-CV-4001
                                          :
SQUARE D COMPANY and                      : JURY TRIAL DEMANDED
ENGEL INDUSTRIES, INC.,                   :
                    Defendants   :

_____

PLAINTIFF'S MOTION IN LIMINE (No. 1)

_____

AND NOW comes the Plaintiff, Justin M. Braun, by and through his attorneys, Peter

F. Schuchman, Jr., Esquire and Kozloff Stoudt, and files Plaintiff's Motion in Limine (No.

1), and in support thereof, avers the following:

1.      This action arises out of a crushing injury to the four fingers on Justin Braun's

dominant right hand on April 4, 2001, that resulted in surgical amputation of those fingers.

2.      Plaintiff will proceed at trial only on his strict products liability claim under

Restatement (Second) Torts, Section 402A.

3.      Plaintiff believes and therefore avers that Defendants intend to introduce

evidence or otherwise argue or intimate to the jury that Justin Braun was injured due to his

Kozloff Stoudt Doc. #160185 v.1

own alleged negligence or the negligence of his employer and/or co-workers in an effort

to mislead or distract the jury from the only issues pertinent to its consideration, i.e., were

the Engel press brake and Square D foot switch in a defective condition unreasonably

dangerous to Justin Braun, and did either or both of those defects cause his injury?

4.      The reports of the expert witnesses for the Defendants, Jack Krafchick, P.E.

and James McElwee, are premised upon the alleged negligence of Plaintiff, Plaintiff's

employer and/or co-workers, which opinions contravene Pennsylvania case law

prohibiting the use of comparative/contributory negligence of a party in a products

liability case.  A copy of Mr. Krafchick's report is attached hereto as Exhibit "A".  A copy

of Mr. McElwee's report is attached hereto as Exhibit "B".

5.      Likewise, both experts state that the respective products about which they

intend to opine met the "state of the art".

6.      Negligence concepts, including negligence of the plaintiff and third persons,

as well as state of the art evidence are not admissible in a Pennsylvania products liability

action.

7.      In addition, the opinions of Square D's expert, James McElwee, are not

admissible pursuant to F.R.E. 702 due to his report not reflecting that his opinions are

based upon reliable scientific principles and methodology.

8.      The failure of Mr. McElwee's report to pass muster under <u>Daubert v. Merrell</u>

<u>Dow</u>, prevents this Court from performing its "gate keeping" function to prevent

unreliable scientific evidence from being presented to the jury.

WHEREFORE, the Plaintiff, Justin M. Braun, requests that this Honorable Court

Kozloff Stoudt Doc. #160185 v.1
enter an Order substantially in the form appended hereto.

KOZLOFF STOUDT


_____/s/_____
Peter F. Schuchman, Jr. Esquire
Attorney for Plaintiff

Kozloff Stoudt Doc. #160185 v.1

Peter F. Schuchman, Jr., Esquire
Pa. Attorney ID# 69343
KOZLOFF STOUDT
2640 Westview Drive
PO Box 6286
Wyomissing, PA   19610
(610) 670-2552                              Attorneys for Plaintiff

_____

JUSTIN M. BRAUN,                          : IN THE UNITED STATES DISTRICT
                                          : COURT FOR THE EASTERN DISTRICT OF
                    Plaintiff             : PENNSYLVANIA
                                          :
          v.                              : Docket No. 02-CV-4001
                                          :
SQUARE D COMPANY and                      : JURY TRIAL DEMANDED
ENGEL INDUSTRIES, INC.,                   :
                    Defendants  :

_____

              BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE (NO. 1)

_____


I      STATEMENT OF THE QUESTIONS INVOLVED

       SHOULD THE COURT PRECLUDE DEFENDANTS FROM INTRODUCING
       EVIDENCE OR OTHERWISE ARGUING TO THE JURY THAT JUSTIN BRAUN'S
       INJURIES RESULTED FROM HIS NEGLIGENCE OR THAT OF HIS EMPLOYER
       WHERE HE IS PROCEEDING AT TRIAL SOLELY UNDER RESTATEMENT
       (SECOND) TORTS, §402A?

       SUGGESTED ANSWER:   Yes.

       SHOULD THE COURT EXCLUDE OR LIMIT THE EXPERT TESTIMONY OF JACK
       KRAFCHICK AND JAMES McELWEE WHICH ARE BASED UPON THE "STATE
       OF THE ART" AND THE ALLEGED NEGLIGENCE OF PLAINTIFF AND/OR
       PLAINTIFF'S EMPLOYER/CO-WORKERS?

       SUGGESTED ANSWER:   Yes.

       SHOULD THE COURT ALSO EXCLUDE THE EXPERT OPINION OF JAMES
       McELWEE UNDER DAUBERT v. MERRELL DOW WHERE IT IS NOT BASED
       UPON RELIABLE SCIENTIFIC PRINCIPLES AND METHODOLOGIES?

SUGGESTED ANSWER:    Yes.

II    ARGUMENT

1.    <u>The Defendants should be prohibited from introducing at trial by any means evidence suggesting or intimating to the jury that the Plaintiff or a third party were negligent.</u>

This action arises out of a crushing injury to the four fingers on Justin Braun's dominant right hand on April 4, 2001, that resulted in surgical amputation of those fingers. Plaintiff will proceed at trial only on his strict products liability claim under <u>Restatement (Second) of Torts</u>, Section 402A.  For the reasons that follow at length, negligence principles, including the "state of the art" in the manufacture of defendant's products, and the alleged negligence of Justin Braun and his employer have no relevance at trial and, therefore, this Court should preclude Defendants from presenting those principles to the jury.

In *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966), the Pennsylvania Supreme Court adopted Section 402A of the Restatement (2nd) of Torts as the law of Pennsylvania in products liability actions.  That Section imposes liability upon the seller of a defective product that causes injury to the user or consumer.  Since that decision, the Pennsylvania Supreme Court has taken a consistent approach in strict liability actions and has refused to permit any evidence of negligence on the part of the Plaintiff to be introduced to defeat a claim under this Section.  *Dillinger v. Caterpillar, Inc.*, 959 F.2d 430, 435 (3rd. Cir. 1992). Further, the Court noted that the critical distinction between strict liability and negligence is that the existence of due care in strict liability cases is entirely irrelevant, both with

Kozloff Stoudt Doc. #160185 v.1
respect to the consumer and the seller.

In case after case, the Pennsylvania Superior Court has made clear that evidence of the Plaintiff's contributory negligence is inadmissible in a strict products liability proceeding. The Court has held that the crucial difference between strict liability and negligence is that the existence of due care, whether on the part of the seller or consumer is irrelevant, and that a Plaintiff's contributory negligence was inadmissible to reduce the Plaintiff's recovery or to determine the Defendant's liability. (Citations omitted) *Id.* at 433.
The Pennsylvania Supreme Court has reaffirmed the Court's conviction that negligence principles have no place in strict products liability suits in *Lewis v. Craffing Hoist Division*, 515 Pa. 334, 528 A.2d 590 (1987). In *Lewis*, the Court held that evidence concerning industry standards is irrelevant in a proceeding under §402A. *Id.* at 436.

The federal courts construing Pennsylvania law have similarly recognized the Pennsylvania Supreme Court's refusal to consider the Plaintiff's negligence in products liability proceedings. *See Holloway v. J.B. Systems, Ltd.*, 609 F.2d 1069, 1073 (3rd Cir. 1979) (Evidence and jury instructions regarding negligence concepts should be kept out of cases brought under §402A."); *Conti v. Ford Motor Co.*, 578 F. Supp. 1429, 1434 (E. D. Pa. 1983) ("The Pennsylvania Supreme Court, perhaps more than any other state appellate court in the nation, has been emphatic in divorcing negligence concepts from product-liability doctrine", *Rev.'d on other grounds,* 743 F.2d 195 (3rd Cir. 1984).

The Pennsylvania Supreme Court has continually fortified the theoretical dam between the notions of negligence and strict "no fault" liability. It would serve only to muddy the waters to introduce comparative fault into an action based solely on strict

Kozloff Stoudt Doc. #160185 v.1

liability. **Parks v. Alliedsignal, Inc.**, 113 F. 3rd. 1327, 1334 (3rd. Cir. 1997) (Citations omitted).

The Pennsylvania Supreme Court explained its reasons for not extending the defense of comparative negligence to a strict products liability action:

> Our position is not based solely on the problem of the conceptual confusion that would ensue should negligence and strict liability concepts be co-mingled, although that concern is not negligible.  Rather, we think that the underlying purpose of strict liability is undermined by introducing negligence concepts into it.  Strict liability is premised on the concept of and . . . liability for casting a defective product into the stream of commerce.
>
> \* \* \*
>
> "The deterrent effect of imposing strict liability standards would be weakened only to allow actions based upon it to be defeated, or recoveries reduced by negligence concepts."

**Kinco Dev. v. Michael D.'s Carpet Outlets**, 536 Pa. 1, 637 A.2d 603, 606-607 (1993).

Similarly, in **McCown v. International Harvester Co**, 463 Pa. 13, 342 A.2d 381 (1975), the Plaintiff was injured by an industrial vehicle.  According to the Plaintiff, the machine's design was defective and caused his injuries.  The Defendant argued that Plaintiff's contributory negligence should have been considered either to reduce the Plaintiff's permissible recovery or as a defense to liability.  The Pennsylvania Supreme Court disagreed, explaining that it would be unwise to "create a system of comparative assessment of damages for 402A actions.  **Id.** at 382.

Pennsylvania's wish to avoid "muddying the waters" dictates that in discussing causation, the comparative fault of the parties involved is immaterial.   Rather, the focus is on whether the activity engaged in by the Plaintiff was foreseeable.  If foreseeable, and the defect is found to have been a cause of the injury, the Plaintiff's actions cannot preclude

Kozloff Stoudt Doc. #160185 v.1

Defendant's liability.  Any other approach would require weighing negligence or lack of

care, which would inject comparative fault into strict products liability.  *Parks*, 113 F. 3rd

at 1334.

The centrality of foreseeability to Pennsylvania strict products liability law was

affirmed in *Childers v. Powerline Equipment Rentals, Inc.*, 681 A.2d 201, 208-209 (Pa.

Super. 1996), which held that evidence of an injured party's conduct was properly barred

from a strict liability action because the Defendant has failed to demonstrate that the

injured party acted in an "unforeseeable", "reckless", "extraordinary", or "outrageous"

manner.  *Parks*, 113 F.3rd at 1337.  A negligent intervening act, to relieve a Defendant from

strict liability must be so extraordinary as to not have been reasonably foreseeable.  *Harley*

*v. Makita U.S.A., Inc.*, 1998 U.S. Dist. Lexis 4363 *10 n. 3. (E.D. Pa. 847, 1998).

The analysis used by the Court in *Colegrove v. Cameron Machine Co.*, 172 F. Supp.

2d 611 (W.D. Pa. 2001), is instructive.   There, an employee was injured when he

unintentionally stepped on an unguarded foot switch that actuated the paper winding

machine at which he was working, causing his arm to be pulled into the point of operation

and crushed.  Allen-Bradley, the foot switch manufacturer, argued that it had no duty to

warn of the hazards presented by the winding machine because it was a mere component

part manufacturer.  The Colegrove court, in a comprehensive opinion, rejected Allen-

Bradley's position stating, "where a particular use is foreseeable to a manufacturer of some

product, that manufacturer is the entity that is best able to warn of the dangers associated

with that use.  In a situation where a manufacturer is producing a mere component part,

the manufacturer is under the same duty to warn of dangers associated with those uses of

Kozloff Stoudt Doc. #160185 v.1

the component that are foreseeable to the component's manufacturer. <u>Colegrove</u> at 629.

The <u>Colegrove</u> Court then proceeded to analyze whether or not the use of the Allen-

Bradley's foot switch was foreseeable so as to create a duty on the part of Allen-Bradley to

warn of hazards associated with the paper winding machine.  The Court recounted:

> All that remains, then, is to apply this statement of Pennsylvania's law to the facts before me. The A-B product at issue in this case was a switch, and because any switch will be used to turn something on or off, that use of the switch was foreseeable to A-B. But A-B's switch was not a switch *simpliciter*; it was a *foot* switch. A foot switch is designed to be activated by one's foot, which in turn means that the foot switch will almost certainly be positioned on a floor. A-B even advertised that the treadle of its foot switch was close to the floor to reduce operator fatigue. *See* dkt. no. 41, ex. A. It follows **[**47]** that the use of the foot switch on the floor was foreseeable to A-B. Moreover, A--B manufactured its Number 805-A4, Series D foot switch specifically for use in plants or factories, presumably to activate the heavy machinery found in such environments. In fact, among the uses for which A-B advertised its foot switch were "operating riveting, welding, and tire machines, punch presses, bending brakes, and many other types of machine tools." *Id.* It follows that A-B could foresee the use of its foot switch to activate heavy equipment on the floor of a manufacturing plant. Because such a use was foreseeable, A-B had a duty to warn of the danger of using the unguarded version of its foot switch around potentially dangerous machinery, where the accidental activation of the switch could result in injury to someone, like Charles Colegrove. To say that A-B had no duty to warn Westvaco of this danger simply because A-B manufactured only a component part is to misinterpret Pennsylvania law.

*Colegrove* at 629.   The facts upon which *Colegrove* was decided are practically identical

to the facts presented here.  This Court should reach the same result.

       2.    <u>Defendant's compliance with the "state of the art" is inadmissible in this  Section 402A case.</u>

Kozloff Stoudt Doc. #160185 v.1

Similar to Pennsylvania'a prohibition against comparative negligence principles in a 402A products liability claim, Pennsylvania Court's also prohibit the introduction of a Defendant's compliance with industry standards.  In *Lewis v. Craffing Hoist Div.*, *supra.*, the Pennsylvania Supreme Court held that a Defendant's compliance with industry standards in inadmissible in a strict liability case.  This rule still applies.  *Harley v. Makita U.S.A., Inc.*, *supra.* citing *Habecker v. Clark Equipment Company*, 36 F.3rd 278, 282 - 283 (3rd. Cir. 1994).   Accordingly, evidence of a Defendant's compliance with industry standards which injects negligence concepts into a Section 402A case, is inadmissible at trial.  *Harley*, 1998 U.S. Dist. Lexis 4363 at *4.  The court, therefore should preclude Defendant's respective experts from opining that Defendant's products complied with industry standards or otherwise met the "state of the art".

3.     Plaintiff's experts should be precluded from testifying about the alleged negligence of Justin Braun and/or his employer.

Based upon the above case law, Defendants should be precluded from introducing into evidence or otherwise suggesting or intimating to the jury that the Plaintiff, Justin Braun, his employer or co-workers were negligent, or that such negligence caused or contributed to the cause of Justin Braun's injuries.   It is apparent from the expert reports of the Defendants that they intend to introduce principles of comparative negligence at this trial.  The report of Jack Krafchick, P.E., is premised almost entirely upon the Plaintiff's employer's violation of OSHA regulations and ANSI standards and its training of Plaintiff.  This is simply not admissible.  See *Colegrove*, *supra* at 617, citing *Lewis,* *supra* and *Sheehan v. Cincinnati Shaper Co.*, 555 A.2d 1352, 1355 (Pa. Super. 1989).  The report also centers on

Kozloff Stoudt Doc. #160185 v.1

Plaintiff's own negligent conduct. Consequently, such testimony is not admissible, and

Jack Krafchick, P.E. should be prohibiting from rendering such opinion. See *Parks v.*

*Allied Signal, Inc.*, *supra.* (noting that the Pennsylvania Supreme Court perhaps more than

any other state court in the nation has been emphatic in divorcing negligence concepts from

product liability doctrine).

Likewise, the expert opinion of Square D's expert, James McElwee, should also be

precluded in that it is grounded upon the Plaintiff's employer's failure to properly

configure the foot switch and/or press brake. Furthermore, Mr. McElwee's opinion also

should be barred on the same basis that Mr. Krafchick's opinion should be barred due to

incorporating principles of comparative negligence in the basis of his opinion(s). The only

way Defendants could be permitted to introduce the behavior of Plaintiff or another at trial

is to demonstrate that the Plaintiff was injured due to his acting in an "unforeseeable",

"reckless", "extraordinary", or "outrageous" manner. However, the record is devoid of

any action undertaken by the Plaintiff or his employer rising to the level of such

outrageousness. To the contrary, Defendant's respective designees <u>admit</u> that the

circumstances of Justin Braun's injury were foreseeable. See Fisher transcript attached as

Exhibit "A" to Plaintiff's Answer to Defendant Engel's Motion for Partial Summary

Judgment, pp. 58, 69, 76-77, 141, 143, 158-159; McElwee transcript, attached to Plaintiff's

Brief in Opposition to Square D's Motion for Summary Judgment, pp. 25-26, 48, 54, 72-73.

Because the behavior of Justin Braun and his employer was foreseeable to both Engel and

Square D, such behavior is not so extraordinary that is may be admissible at trial. It is

Defendants' burden to establish that such conduct was sufficiently outrageous or

Kozloff Stoudt Doc. #160185 v.1

unforeseeable. As a matter of law, they cannot do so and, therefore, evidence of the

conduct is not admissible. See *Parks, supra* at 1337.

       4.     The opinions of Square D's expert, James McElwee, should be excluded for failure to base his opinions upon reliable scientific principles and methodologies.

       Federal Rule of Evidence 702 states the following regarding testimony by experts:

> If scientific, technical or other specialized knowledge will assist
> the trier of fact to understand the evidence or to determine a
> fact in issue, a witness qualified as an expert by knowledge,
> skill, experience, training or education, may testify thereto in
> the form of an opinion or otherwise, if (1) the testimony is
> based upon sufficient facts or data, (2) the testimony is the
> product of reliable principles and methods, and (3) the witness
> has applied the principles and methods reliably to the facts of
> the case.

F.R.E. 702. Faced with the proffer of expert scientific testimony, however, the trial judge

must determine at the outset whether an expert is proposing to testify to (1) scientific

knowledge that (2) will assist the trier of fact to understand or determine a fact in issue; a

preliminary assessment must be made of whether the reasoning or methodology

underlying the testimony is scientifically valid and whether the reasoning or methodology

properly can be applied to the facts in issue. *Daubert v. Merrell Dow Pharmaceuticals,*

*Inc.*, 509 U.S. 579, 125 L. Ed. 2nd 469 (1993). The focus of a *Daubert* hearing is to determine

the admissibility of expert scientific testimony solely upon scientific principles and

methodology, not on the conclusions that they generate. In other words, the focus is not

on what experts say, but what basis they have for saying it. *Diaz v. Johnson Matthey, Inc.*,

893 F. Supp. 358 (D. N. J. 1995).

Kozloff Stoudt Doc. #160185 v.1

The opinion of Square D's expert, James McElwee, does not satisfy the standards set forth in F. R. E. 702 and *Daubert* and should be excluded from trial.  Mr. McElwee, in his expert report, does not explain his methodology in arriving at his opinions. Consequently, there is no way for Plaintiff, or for this Court, to determine if there is any scientific reliability in the methodology used in arriving at his opinions.  Without any way to ensure that the methodology is reliable, this Court should not permit the jury to consider the opinions of Mr. McElwee.

Kozloff Stoudt Doc. #160185 v.1

III     <u>CONCLUSION</u>

For all the aforementioned reasons, Plaintiff, Justin M. Braun, requests that this
Honorable Court grant Plaintiff's Motion in Limine (No. 1) and enter an Order
substantially in the form appended hereto.

KOZLOFF STOUDT


_____/s/_____
Peter F. Schuchman, Jr., Esquire
Attorney for Plaintiff

Kozloff Stoudt Doc. #160185 v.1
Peter F. Schuchman, Jr., Esquire
Pa. Attorney ID# 69343
KOZLOFF STOUDT
2640 Westview Drive
PO Box 6286
Wyomissing, PA   19610
(610) 670-2552                              Attorneys for Plaintiff

_____

JUSTIN M. BRAUN,                 : IN THE UNITED STATES DISTRICT COURT
                                 : FOR THE EASTERN DISTRICT OF
                  Plaintiff      : PENNSYLVANIA
                                 :
            v.                   : Docket No. 02-CV-4001
                                 :
SQUARE D COMPANY and             : JURY TRIAL DEMANDED
ENGEL INDUSTRIES, INC.,          :
                  Defendants     :
_____

**Certificate of Service**
_____

I, Peter F. Schuchman, Jr., Esquire, attorney for Plaintiff, certify that on August 11, 2003, that I electronically filed the foregoing *Motion in Limine (No. 1) and corresponding Brief* via the ECF system and it is available for viewing and downloading from the ECF system. I further certify that the foregoing *Motion in Limine and corresponding Brief* was served upon the following party by <u>first class mail</u>:

Michael P. Zipfel, Esquire              W. Matthew Reber, Esquire
Rawle & Henderson LLP                   Center Square West, Suite 1500
The Widener Building, 16th Floor        1500 Market Street
1339 Chestnut Street                    Philadelphia, PA 19102
Philadelphia, PA 19102

                    KOZLOFF STOUDT

                    _____/s/_____
                    Peter F. Schuchman, Jr., Esquire
                    Attorney for Plaintiff