**KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**
BY: W. Matthew Reber, Esquire
    Angela M. Coll, Esquire
Attorney I.D. No. 67035/87488
Suite 1500, Centre Square West
1500 Market Street
Philadelphia, PA  19102
(215) 854-0658

| | |
|---|---|
| JUSTIN M. BRAUN,<br>             Plaintiff,<br>  vs.<br><br>SQUARE D COMPANY and<br>ENGEL INDUSTRIES, INC.,<br>             Defendants. | :IN THE UNITED STATES<br>:DISTRICT COURT FOR THE<br>:EASTERN DISTRICT OF<br>:PENNSYLVANIA<br>:<br>:<br>:Docket No.  02-4001<br>:<br>:JURY TRIAL DEMANDED |

### O R D E R

**AND NOW,** this _____ day of _____, 2003 upon consideration of the Motion in Limine of Defendant, Square D Company, to preclude any evidence of prior claims involving a Square D foot switch, it is hereby **ORDERED AND DECREED** that said Motion is **GRANTED** and Plaintiff is **PRECLUDED** from presenting any testimony, evidence or argument, for any purpose whatsoever, of prior claims involving a Square D foot switch at the time of trial.

                                               **BY THE COURT**

 

                                               _____
                                                                        **J.**

**KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**
BY: W. Matthew Reber, Esquire
　　Angela M. Coll, Esquire
Attorney I.D. No. 67035/87488
Suite 1500, Centre Square West
1500 Market Street
Philadelphia, PA  19102
(215) 854-0658

| | |
|---|---|
| **JUSTIN M. BRAUN,** | :IN THE UNITED STATES |
| 　　　　Plaintiff, | :DISTRICT COURT FOR THE |
| 　vs. | :EASTERN DISTRICT OF |
| | :PENNSYLVANIA |
| **SQUARE D COMPANY and** | : |
| **ENGEL INDUSTRIES, INC.,** | :Docket No.  02-4001 |
| 　　　　Defendants. | : |
| | :JURY TRIAL DEMANDED |

**MOTION IN LIMINE OF DEFENDANT, SQUARE D COMPANY, TO PRECLUDE ANY EVIDENCE REGARDING PRIOR CLAIMS**

　　Defendant, Square D Company, by and through its attorneys KELLEY JASONS McGUIRE & SPINELLI, L.L.P., hereby moves to preclude Plaintiff from introducing any testimony, evidence or argument, for any purpose whatsoever, of prior claims involving a Square D foot switch at the time of trial for the reasons set forth herein:

　　1.　　This product liability action was commenced by Complaint filed on June 20, 2002.

　　2.　　By his Complaint, Plaintiff Justin Braun alleges personal injuries resulting from a workplace injury which he sustained in the course of his employment as a sheet metal worker.

3. Specifically, Braun alleges that his hand was crushed by the ram of a press brake machine which he had been using to bend metal pieces for his employer, the Bohrer-Reagan Company.

4. Plaintiff's liability claims against Square D are premised upon the allegation that it manufactured a foot switch which was attached to the press brake and which was used to actuate the machine.

5. The Federal Rules of Evidence provide that evidence that is not relevant is not admissible. Fed.R.Evid. 402.

6. The Federal Rules of Evidence also provide that even if evidence is found to be relevant, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time… Fed.R.Evid. 403.

7. In response to Plaintiff's discovery requests, Square D has produced documents concerning prior claims filed against it relating to the type of foot switch allegedly involved in Plaintiff's accident.

8. Unless there is a sufficient connection, the mere fact that alleged other incidents involve the same product is not enough to make the evidence admissible. See Soldo v. Sandoz Pharmaceuticals Corp., 244 F.Supp.2d 434 (W.D.Pa. 2003).

9. Defendant, Square D Company, incorporates the attached Memorandum of Law by reference to its Motion in Limine.

**WHEREFORE**, Defendant, Square D Company, respectfully requests that this Honorable Court enter the attached Order and preclude Plaintiff form introducing any testimony, evidence or argument, for any purpose whatsoever, of prior claims involving a Square D foot switch.

        Respectfully submitted,

        **KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**


        By: _____
           W. Matthew Reber
           Angela M. Coll
           **Attorneys for Defendant**
           **Square D Company**

Date: August 11, 2003

**KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**
BY: W. Matthew Reber, Esquire
    Angela M. Coll, Esquire
Attorney I.D. No. 67035/87488
Suite 1500, Centre Square West
1500 Market Street
Philadelphia, PA  19102
(215) 854-0658

| | |
|---|---|
| JUSTIN M. BRAUN,<br>                Plaintiff,<br>vs.<br><br>SQUARE D COMPANY and<br>ENGEL INDUSTRIES, INC.,<br>                Defendants. | :IN THE UNITED STATES<br>:DISTRICT COURT FOR THE<br>:EASTERN DISTRICT OF<br>:PENNSYLVANIA<br>:<br>:<br>:Docket No.  02-4001<br>:<br>:JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE OF DEFENDANT, SQUARE D COMPANY, TO PRECLUDE ANY EVIDENCE REGARDING PRIOR CLAIMS**

**I.    BACKGROUND**

This product liability action was commenced by Complaint filed on June 20, 2002.  By his Complaint, Plaintiff Justin Braun alleges personal injuries resulting from a workplace injury which he sustained in the course of his employment as a sheet metal worker.

Specifically, Braun alleges that his hand was crushed by the ram of a press brake machine which he had been using to bend metal pieces for his employer, the Bohrer-Reagan Company.  Plaintiff's liability claims against Square D are premised upon the allegation that it manufactured a foot switch which was attached to the press brake and which was used to actuate the machine.

Through the course of discovery, Plaintiff has discovered prior claims against Defendant Square D, involving a foot switch similar to the foot switch in question.

## II.  LEGAL ARGUMENT

The Federal Rules of Evidence require that evidence that is not relevant is not admissible.  Fed.R.Evid. 402.  Specifically, Federal Rule of Evidence 402 states:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. **Evidence which is not relevant is not admissible**.

Fed.R.Evid. 402 (emphasis added).  The Federal Rules of Evidence also require that even if evidence is found to be relevant, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time… Fed.R.Evid. 403. Specifically, Federal Rule of Evidence 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed.R.Evid. 403.

In this case, Square D has produced (in response to Plaintiff's discovery requests) documents relating to prior personal injury claims filed against it relating to the foot switch allegedly involved in Plaintiff's accident. None of the prior claims involve circumstances even remotely similar to the factual allegations made by Mr. Braun in this

case. Based upon the record, there is simply no basis to admit any testimony, evidence or argument concerning prior claims.

On the other hand, evidence of prior claims would be severely prejudicial to Square D--permitting Plaintiff to suggest that the product must be defective since other plaintiffs have so alleged in the past. Moreover, such evidence would invariably lead to "mini-trials" with respect to the dissimilar prior claims, causing juror confusion and wasting court time on collateral and irrelevant issues.

The United States District Court for the Western District of Pennsylvania has held that "[u]nless there is a sufficient connection, the mere fact that the alleged other incidents involve the same product 'is not enough to make the [evidence] admissible even under the liberal standard of admissibility of Fed.R.Evid. 401." Soldo v. Sandoz Pharmaceuticals Corp., 244 F.Supp.2d 434, 550 (W.D.Pa. 2003) (quoting Gumbs v. International Harvester, Inc., 718 F.2d 88, 98 (3d Cir. 1983)).  In this case, there is no imaginable connection between any of the prior lawsuits and the claims asserted by Mr. Braun. Accordingly, any such evidence should be precluded.

## III.     CONCLUSION

For all the foregoing reasons, Defendant, Square D Company, requests that this Honorable Court enter the attached Order and preclude Plaintiff from introducing testimony, evidence or argument, for any purpose whatsoever, of prior claims involving a Square D foot switch.

                Respectfully submitted,

                **KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**


                By: _____
                    W. Matthew Reber
                    Angela M. Coll
                    **Attorneys for Defendant**
                    **Square D Company**


Date: August 11, 2003

## **CERTIFICATE OF SERVICE**

I, Angela M. Coll, Esquire, hereby certify that a true and correct copy of Defendant, Square D Company's, Motion in Limine, to preclude any evidence of prior claims involving a Square D foot switch, was served upon the following counsel via First Class Mail, postage pre-paid, on August 11, 2003.

| Peter F. Schuchman, Jr., Esquire<br>Kozloff Stoudt<br>2640 Westview Drive<br>PO Box 6286<br>Wyomissing, PA  19610<br>**Attorney for Plaintiff** | Michael P. Zipfel, Esquire<br>Rawle & Henderson, LLP<br>The Widener Building, 16th Floor<br>One South Penn Square<br>Philadelphia, PA  19107<br>**Attorney for Defendant,**<br>**Engel Industries, Inc.** |
|---|---|

                                    _____
                                    Angela M. Coll, Esquire