**KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**
BY: W. Matthew Reber, Esquire
　　Angela M. Coll, Esquire
Attorney I.D. No. 67035/87488
Suite 1500, Centre Square West
1500 Market Street
Philadelphia, PA  19102
(215) 854-0658

| | |
|---|---|
| JUSTIN M. BRAUN,<br>　　　　Plaintiff,<br>　vs.<br><br>SQUARE D COMPANY and<br>ENGEL INDUSTRIES, INC.,<br>　　　　Defendants. | :IN THE UNITED STATES<br>:DISTRICT COURT FOR THE<br>:EASTERN DISTRICT OF<br>:PENNSYLVANIA<br>:<br>:<br>:Docket No.  02-4001<br>:<br>:JURY TRIAL DEMANDED |

## O R D E R

**AND NOW,** this _____ day of _____, 2003 upon consideration of the Motion in Limine of Defendant, Square D Company, to preclude any evidence of the Linemaster foot switch currently attached to the subject press brake, it is hereby

**ORDERED AND DECREED** that said Motion is **GRANTED** and Plaintiff is **PRECLUDED** from presenting testimony, evidence or argument, for any purpose whatsoever, of the Linemaster foot switch currently on the subject press brake.

　　　　　　　　　　　　　　BY THE COURT


　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　J.

**KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**
**BY: W. Matthew Reber, Esquire**
    **Angela M. Coll, Esquire**
**Attorney I.D. No. 67035/87488**
**Suite 1500, Centre Square West**
**1500 Market Street**
**Philadelphia, PA  19102**
**(215) 854-0658**

| | |
|---|---|
| JUSTIN M. BRAUN,<br>              Plaintiff,<br>  vs.<br><br>SQUARE D COMPANY and<br>ENGEL INDUSTRIES, INC.,<br>              Defendants. | :IN THE UNITED STATES<br>:DISTRICT COURT FOR THE<br>:EASTERN DISTRICT OF<br>:PENNSYLVANIA<br>:<br>:<br>:Docket No.  02-4001<br>:<br>:JURY TRIAL DEMANDED |

**MOTION IN LIMINE OF DEFENDANT, SQUARE D COMPANY, TO PRECLUDE ANY EVIDENCE REGARDING THE CURRENT LINEMASTER FOOT SWITCH COMPARED TO THE FORMER SQUARE D FOOT SWITCH**

      Defendant, Square D Company, by and through its attorneys KELLEY JASONS McGUIRE & SPINELLI, L.L.P., hereby moves to preclude Plaintiff from introducing any evidence or argument, for any purpose whatsoever, of the Linemaster switch currently on the subject press brake at the time of trial for the reasons set forth herein:

      1.     This product liability action was commenced by Complaint filed on June 20, 2002.

      2.     By his Complaint, Plaintiff Justin Braun alleges personal injuries resulting from a workplace injury which he sustained in the course of his employment as a sheet metal worker.

3. Specifically, Braun alleges that his hand was crushed by the ram of a press brake machine which he had been using to bend metal pieces for his employer, the Bohrer-Reagan Company.

4. Plaintiff's liability claims against Square D are premised upon the allegation that it manufactured a foot switch which was attached to the press brake and which was used to actuate the machine.

5. The Federal Rules of Evidence require that evidence of subsequent remedial measures, taken after an injury-causing event, be excluded if offered to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction with respect to the event.  Fed.R.Evid. 407.

6. In the course of discovery, testimony of various witnesses has revealed that the Square D foot switch allegedly in use at the time of Plaintiff's injury was replaced following the accident with a different model manufactured by a different company (hereinafter the "Linemaster Switch").

7. The United States District Court for the Eastern District of Pennsylvania has recognized the public policy considerations underlying evidentiary rule barring evidence of subsequent remedial measures, and has consistently precluded evidence of such measures. See Wusinich v. Aeroquip Corporation, 843 F.Supp. 959 (E.D.Pa 1994).

8. The installation of the Linemaster switch is a subsequent remedial measure which should be precluded pursuant to Fed.R.Evid. 407.

9. Evidence concerning the installation of the Linemaster switch is irrelevant and prejudicial, and should be precluded pursuant to Fed.R.Evid. 402 and Fed.R.Evid. 403.

10. Defendant, Square D Company, hereby incorporates the attached Memorandum of Law by reference to its Motion in Limine.

**WHEREFORE**, Defendant, Square D Company, respectfully requests that this Honorable Court enter the attached Order and preclude Plaintiff from introducing any testimony, evidence or argument, for any purpose whatsoever, of the Linemaster Switch currently installed on the subject press brake.

Respectfully submitted,

KELLEY JASONS McGUIRE & SPINELLI, L.L.P.

BY: _____
W. Matthew Reber
Angela M. Coll
**Attorneys for Defendant,**
Square D Company

Dated: August 11, 2003

**KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**
BY: W. Matthew Reber, Esquire
     Angela M. Coll, Esquire
Attorney I.D. No. 67035/87488
Suite 1500, Centre Square West
1500 Market Street
Philadelphia, PA  19102
(215) 854-0658

| | |
|---|---|
| JUSTIN M. BRAUN,<br>         Plaintiff,<br>   vs.<br><br>SQUARE D COMPANY and<br>ENGEL INDUSTRIES, INC.,<br>         Defendants. | :IN THE UNITED STATES<br>:DISTRICT COURT FOR THE<br>:EASTERN DISTRICT OF<br>:PENNSYLVANIA<br>:<br>:<br>:Docket No.  02-4001<br>:<br>:JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE OF DEFENDANT, SQUARE D COMPANY, TO PRECLUDE ANY EVIDENCE REGARDING THE CURRENT LINEMASTER FOOT SWITCH COMPARED TO THE FORMER SQUARE D FOOT SWITCH**

Defendant, Square D Company, by and through its attorneys KELLEY JASONS McGUIRE & SPINELLI, L.L.P., hereby moves to preclude Plaintiff from introducing any evidence or argument, for any purpose whatsoever, of the Linemaster switch currently on the subject press brake for the reasons set forth herein:

**I.     BACKGROUND**

This product liability action was commenced by Complaint filed on June 20, 2002. By his Complaint, Plaintiff Justin Braun alleges personal injuries resulting from a workplace injury which he sustained in the course of his employment as a sheet metal worker. Specifically, Braun alleges that his hand was crushed by the ram of a press brake

machine which he had been using to bend metal pieces for his employer, the Bohrer-Reagan Company.

Braun sued the manufacturer of the press brake machine (Engel Industries, hereinafter "Engle") and Square D Company (hereinafter "Square D"). His liability claims against Square D are premised upon the allegation that it manufactured a foot switch which was attached to the press brake and which was used to actuate the machine. The Complaint asserts similar negligence, strict liability and breach of warranty claims against both Engle and Square D.

In the course of discovery, several witnesses have testified that following the accident, Plaintiff's employer replaced the Square D foot switch with a model manufactured by a different company ("Linemaster"). In addition to fact witnesses, Plaintiff's expert, Normal W. Johanson, has referred to the Linemaster switch in his report, taken photographs of the two switches side-by-side and commented on their respective dimensions.

Square D now moves the Court in limine to preclude evidence or argument concerning the Linemaster switch, since any such evidence is plainly inadmissible under the Federal Rules of Evidence.

II.     LEGAL ARGUMENT

The Federal Rules of Evidence require that evidence of subsequent remedial measures, taken after an injury-causing event, be excluded if offered to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a

warning or instruction with respect to the event. Specifically, Federal Rule of Evidence 407 states:

> When after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instructions…

Fed.R.Evid. 407. The United States District Court for the Eastern District of Pennsylvania has recognized public policy underlying evidentiary rule barring evidence of subsequent remedial measures is to "encourage manufacturers to make improvements for greater safety." Wusinich v. Aeroquip Corporation, 843 F.Supp. 959 (E.D.Pa 1994).

The aim of Federal Rule of Evidence 407 "is to encourage post-accident repairs or safety precautions in the interest of public safety." Kenny v. Southeastern Pennsylvania Transportation Authority, 581 F.2d 351, 356 (E.D.Pa. 1978). For this reason, evidence of subsequent remedial measures is routinely excluded to encourage people to take such measures whether or not they are at fault. Petree v. Victor Fluid Power, Inc., 831 F.2d 1191, 1198 (3d.Cir. 1987).

In this case, various witnesses have testified that the Square D foot switch allegedly in use at the time of Plaintiff's injury was replaced following the accident with the Linemaster switch. In addition, Plaintiff's expert has referred to the Linemaster switch in his report, taken photographs of the two switches and commented on their respective dimensions. The only plausible purpose for presenting evidence of the Linemaster switch is to suggest a defect in the Square D product, which is expressly precluded under Fed.R.Evid. 407.

In addition to being inadmissible under Fed.R.Evid. 407, the evidence relating to the Linemaster switch is also inadmissible under Fed.R.Evid. 402 and 403. The Federal Rules of Evidence require that evidence which is not relevant is not admissible. Fed.R.Evid. 402. The Federal Rules of Evidence also require that even if evidence is found to be relevant, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed.R.Evid. 403.

The details of the Linemaster switch currently attached to the subject press brake is irrelevant to any issue in this case. It was not involved in the alleged incident and was attached to the subject press brake *after* the Plaintiff's alleged injuries. It has absolutely no connection to Plaintiff's accident. Further, any testimony concerning the relative dimensions of the foot switches would be prejudicial to Square D and would require a "mini-trial" on the specific aspects of the Linemaster Model. Fed.R.Evid. 403 is designed to avoid such prejudice and potential for confusion. Since evidence concerning the Linemaster foot switch is both irrelevant and prejudicial, it should be excluded under Fed.R.Evid. 402 and/or 403, in addition to Fed.R.Evid. 407.

**III.   CONCLUSION**

For all the foregoing reasons, Defendant, Square D Company, respectfully requests that this Honorable Court enter the attached Order and preclude Plaintiff from introducing any testimony, evidence or argument, for any purpose whatsoever, of the Linemaster switch currently installed on the Engle press brake.

                Respectfully submitted,

                KELLEY JASONS McGUIRE & SPINELLI, L.L.P.

                BY: _____
                      W. Matthew Reber
                      Angela M. Coll
                      **Attorneys for Defendant**
                      **Square D Company**

Dated: August 11, 2003

**CERTIFICATE OF SERVICE**

I, Angela M. Coll, Esquire, hereby certify that a true and correct copy of Defendant, Square D Company's, Motion in Limine, to preclude any evidence of the Linemaster switch currently attached to the subject press brake, was served upon the following counsel via First Class Mail, postage pre-paid, on August 11, 2003.

| Peter F. Schuchman, Jr., Esquire<br>Kozloff Stoudt<br>2640 Westview Drive<br>PO Box 6286<br>Wyomissing, PA  19610<br>**Attorney for Plaintiff** | Michael P. Zipfel, Esquire<br>Rawle & Henderson, LLP<br>The Widener Building, 16th Floor<br>One South Penn Square<br>Philadelphia, PA  19107<br>**Attorney for Defendant,**<br>**Engel Industries, Inc.** |
|---|---|

_____
Angela M. Coll, Esquire


Date: August 11, 2003

- 10 -