**KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**
BY: W. Matthew Reber, Esquire
    Angela M. Coll, Esquire
Attorney I.D. No. 67035/87488
Suite 1500, Centre Square West
1500 Market Street
Philadelphia, PA  19102
(215) 854-0658

| | |
|---|---|
| **JUSTIN M. BRAUN,** | :IN THE UNITED STATES |
|     Plaintiff, | :DISTRICT COURT FOR THE |
| vs. | :EASTERN DISTRICT OF |
| | :PENNSYLVANIA |
| **SQUARE D COMPANY and** | : |
| **ENGEL INDUSTRIES, INC.,** | :Docket No.  02-4001 |
|     Defendants. | : |
| | :JURY TRIAL DEMANDED |

## O R D E R

**AND NOW,** this _____ day of _____, 2003 upon consideration of the Motion in Limine of Defendant, Square D Company, to preclude any evidence of warnings accompanying currently marketed products, it is hereby **ORDERED AND DECREED** that said Motion is **GRANTED** and Plaintiff is **PRECLUDED** from presenting any evidence of warnings accompanying currently marketed products.

                                  **BY THE COURT**

                                  _____
                                                  **J.**

**KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**
BY: W. Matthew Reber, Esquire
    Angela M. Coll, Esquire
Attorney I.D. No. 67035/87488
Suite 1500, Centre Square West
1500 Market Street
Philadelphia, PA  19102
(215) 854-0658

| | |
|---|---|
| JUSTIN M. BRAUN,<br>           Plaintiff,<br>vs.<br><br>SQUARE D COMPANY and<br>ENGEL INDUSTRIES, INC.,<br>           Defendants. | :IN THE UNITED STATES<br>:DISTRICT COURT FOR THE<br>:EASTERN DISTRICT OF<br>:PENNSYLVANIA<br>:<br>:<br>:Docket No.  02-4001<br>:<br>:JURY TRIAL DEMANDED |

### MOTION IN LIMINE OF DEFENDANT, SQUARE D COMPANY, TO PRECLUDE ANY EVIDENCE OF WARNINGS ACCOMPANYING CURRENTLY MARKETED PRODUCTS

    Defendant, Square D Company, by and through its attorneys KELLEY JASONS McGUIRE & SPINELLI, L.L.P., hereby moves to preclude any evidence regarding later warnings placed on their foot switch at trial for the reasons set forth herein:

    1.    This product liability action was commenced by Complaint filed on June 20, 2002.

    2.    By his Complaint, on April 4, 2001, Plaintiff Justin Braun alleges personal injuries resulting from a workplace injury which he sustained in the course of his employment as a sheet metal worker.

3.   Specifically, Braun alleges that his hand was crushed by the ram of a press brake machine which he had been using to bend metal pieces for his employer, the Bohrer-Reagan Company.

4.   Plaintiff's liability claims against moving Defendant, Square D Company (hereinafter "Square D") are premised upon the allegation that it manufactured a foot switch which was attached to the press brake and which was used to actuate the machine.

5.   Discovery in this matter has revealed that the foot switch allegedly involved in Plaintiff's accident was manufactured in 1967, although allegedly not installed on the subject press brake until 1988

6.   At some point following the date of manufacture of the foot switch allegedly involved in this accident, similar products manufactured by Square D were accompanied by warning labels.

7.   The Federal Rules of Evidence require that evidence of subsequent remedial measures, taken after an injury-causing event, be excluded if offered to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction with respect to the event.  Fed.R.Evid. 407.

8.   The United States District Court for the Eastern District of Pennsylvania has recognized the public policy underlying the evidentiary rule barring evidence of subsequent remedial measures, and has consistently precluded evidence of such measures. See Wusinich v. Aeroquip Corporation, 843 F.Supp. 959 (E.D.Pa 1994).

9. To the extent Plaintiff seeks to use current warnings accompanying Square D's foot switches to suggest liability, such evidence should be precluded under Federal Rule of Evidence 407 as a subsequent remedial measure.

10. Evidence of warnings accompanying currently marketed products is irrelevant to Plaintiff's liability claims against Square D, as well as prejudicial. Thus, in addition to Federal Rule of Evidence 407, such evidence should be excluded under Federal Rules of Evidence 402 and 403.

11. Defendant, Square D Company, incorporates the attached Memorandum of Law by reference to its Motion in Limine.

**WHEREFORE**, Defendant, Square D Company, respectfully requests that this Honorable Court enter the attached Order and preclude any evidence of warnings accompanying currently marketed products as a subsequent remedial measure.

    Respectfully submitted,

    KELLEY JASONS McGUIRE & SPINELLI, L.L.P.

    BY: _____
        W. Matthew Reber
        Angela M. Coll
        **Attorneys for Defendant,**
        **Square D Company**

Dated: August 11, 2003

**KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**
BY: W. Matthew Reber, Esquire
　　Angela M. Coll, Esquire
Attorney I.D. No. 67035/87488
Suite 1500, Centre Square West
1500 Market Street
Philadelphia, PA  19102
(215) 854-0658

| | |
|---|---|
| JUSTIN M. BRAUN,<br>　　　　　　Plaintiff,<br>　vs.<br><br>SQUARE D COMPANY and<br>ENGEL INDUSTRIES, INC.,<br>　　　　　　Defendants. | :IN THE UNITED STATES<br>:DISTRICT COURT FOR THE<br>:EASTERN DISTRICT OF<br>:PENNSYLVANIA<br>:<br>:<br>:Docket No.  02-4001<br>:<br>:JURY TRIAL DEMANDED |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE OF DEFENDANT, SQUARE D COMPANY, TO PRECLUDE ANY EVIDENCE OF WARNINGS ACCOMPANYING CURRENTLY MARKETED PRODCUTS**</u>

　　Defendant, Square D Company, by and through its attorneys KELLEY JASONS McGUIRE & SPINELLI, L.L.P., hereby moves to preclude any evidence regarding warnings accompanying currently marketed products at trial for the reasons set forth herein:

**I.　　BACKGROUND**

　　This product liability action was commenced by Complaint filed on June 20, 2002.  By his Complaint, Plaintiff Justin Braun alleges personal injuries resulting from a workplace injury which he sustained in the course of his employment as a sheet metal worker.

Specifically, Braun alleges that his hand was crushed by the ram of a press brake machine which he had been using to bend metal pieces for his employer, the Bohrer-Reagan Company. Plaintiff sued the manufacturer of the press brake machine (Engel Industries, hereinafter "Engle") and Square D Company (hereinafter "Square D").

Plaintiff's liability claims against Square D are premised upon the allegation that it manufactured a foot switch which was attached to the press brake and which was used to actuate the machine. The Complaint asserts similar negligence, strict liability and breach of warranty claims against both Engle and Square D.

At some point following the date of manufacture of the foot switch allegedly involved in this accident, similar products manufactured by Square D were accompanied by warning labels.

Square D now moves the Court in limine to preclude evidence or argument concerning warnings accompanying currently marketed products, since any such evidence is plainly inadmissible under the Federal Rules of Evidence.

**II.   LEGAL ARGUMENT**

The Federal Rules of Evidence require that evidence of subsequent remedial measures, taken after an injury-causing event, be excluded if offered to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction with respect to the event. Fed.R.Evid. 407. Specifically, Federal Rule of Evidence 407 states:

> When after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to

> prove negligence, culpable conduct, a defect in a product, a defect in a product's design, **or a need for a warning or instructions**…

Fed.R.Evid. 407 (emphasis added). In applying the rule, the United States District Court for the Eastern District of Pennsylvania has recognized that the public policy underlying the evidentiary rule barring evidence of subsequent remedial measures is to "encourage manufacturers to make improvements for greater safety." <u>Wusinich v. Aeroquip Corporation</u>, 843 F.Supp. 959 (E.D.Pa 1994). Fed. R.E. 407 specifically precludes warnings or instructions used after the time of the alleged incident. In the instant case, since warnings accompanying currently marketed products were instituted after the foot switch in question was manufactured, it is a subsequent remedial measure and inadmissible under Fed.R.Evid. 407.

In the instant case, at some point following the date of the manufacture of the foot switch allegedly involved in this accident, similar products manufactured by Square D were accompanied by warning labels. Plaintiff has asserted, inter alia, a failure to warn claim with respect to the Square D foot switch. Under the circumstances, any warning labels currently accompanying similar products - not in place at the time that the product was manufactured - are plainly inadmissible under Fed.R.Evid. 407.

In addition to being precluded under Fed.R.Evid. 407, evidence of warning labels placed on the products after the manufacture of the foot switch in question is also inadmissible under Fed.R.Evid. 402 and 403. The Federal Rules of Evidence provide that evidence which is not relevant is not admissible. Fed.R.Evid. 402. The Federal Rules of Evidence also provide that even relevant evidence should be excluded if its

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Fed.R.Evid. 403.

The warning labels attached to Square D products after the date of manufacture of the foot switch allegedly involved in Plaintiff's accident are irrelevant.  By his own admission, Mr. Braun was aware of the dangers associated with operation of the press brake at the time of his accident.  As such, a warning would not have made any difference in connection with his conduct. In any event, the existence of warning labels on currently marketed products has no probative value to any of the issues in this case.

Additionally, evidence of warning labels placed on products manufactured after Plaintiff's alleged accident would be severely prejudicial--permitting Plaintiff to suggest that the foot switch is defective. This suggestion would greatly prejudice Square D, which Fed.R.Evid. 403 is designed to avoid.  Since warnings attached to Square D products after the date of manufacture of the foot switch allegedly involved in Plaintiff's accident is both irrelevant and prejudicial, it should be excluded under Federal Rules of Evidence 402 and/or 403, in addition to Fed.R.Evid. 407.

### III.    CONCLUSION

**WHEREFORE**, Defendant, Square D Company, respectfully requests that this Honorable Court enter the attached Order and preclude any evidence regarding warnings accompanying currently marketed products, since it would permit Plaintiff to introduce evidence in contravention to the Federal Rules of Evidence.

                        Respectfully submitted,

                        KELLEY JASONS McGUIRE & SPINELLI, L.L.P.

                        BY: _____
                              W. Matthew Reber
                              Angela M. Coll
                              **Attorneys for Defendant,**
                              **Square D Company**

Dated: August 11, 2003

## CERTIFICATE OF SERVICE

I, Angela M. Coll, Esquire, hereby certify that a true and correct copy of Defendant, Square D Company's, Motion in Limine, to preclude any evidence of warnings accompanying currently marketed products, was served upon the following counsel via First Class Mail, postage pre-paid, on August 11, 2003.

| Peter F. Schuchman, Jr., Esquire<br>Kozloff Stoudt<br>2640 Westview Drive<br>PO Box 6286<br>Wyomissing, PA  19610<br>**Attorney for Plaintiff** | Michael P. Zipfel, Esquire<br>Rawle & Henderson, LLP<br>The Widener Building, 16th Floor<br>One South Penn Square<br>Philadelphia, PA  19107<br>**Attorney for Defendant,<br>Engel Industries, Inc.** |

Angela M. Coll, Esquire