**KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**
BY: W. Matthew Reber, Esquire
     Angela M. Coll, Esquire
Attorney I.D. No. 67035/87488
Suite 1500, Centre Square West
1500 Market Street
Philadelphia, PA  19102
(215) 854-0658

| | |
|---|---|
| JUSTIN M. BRAUN,<br>        Plaintiff,<br>  vs.<br><br>SQUARE D COMPANY and<br>ENGEL INDUSTRIES, INC.,<br>        Defendants. | :IN THE UNITED STATES<br>:DISTRICT COURT FOR THE<br>:EASTERN DISTRICT OF<br>:PENNSYLVANIA<br>:<br>:<br>:Docket No.  02-4001<br>:<br>:JURY TRIAL DEMANDED |

### O R D E R

**AND NOW,** this _____ day of _____, 2003 upon consideration of the Motion in Limine of Defendant, Square D Company, to preclude any evidence of warnings placed on the subject press brake after the alleged incident, it is hereby **ORDERED AND DECREED** that said Motion is **GRANTED** and Plaintiff is **PRECLUDED** from presenting any evidence of warnings placed on the subject press brake after the alleged incident.

                                    BY THE COURT

                                    _____
                                                  J.

**KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**
BY: W. Matthew Reber, Esquire
      Angela M. Coll, Esquire
Attorney I.D. No. 67035/87488
Suite 1500, Centre Square West
1500 Market Street
Philadelphia, PA  19102
(215) 854-0658

| | |
|---|---|
| JUSTIN M. BRAUN,<br>        Plaintiff,<br>   vs.<br><br>SQUARE D COMPANY and<br>ENGEL INDUSTRIES, INC.,<br>        Defendants. | :IN THE UNITED STATES<br>:DISTRICT COURT FOR THE<br>:EASTERN DISTRICT OF<br>:PENNSYLVANIA<br>:<br>:<br>:Docket No.  02-4001<br>:<br>:JURY TRIAL DEMANDED |

**MOTION IN LIMINE OF DEFENDANT, SQUARE D COMPANY, TO PRECLUDE ANY EVIDENCE OF WARNINGS PLACED ON THE SUBJECT PRESS BRAKE AFTER THE ALLEGED INCIDENT**

Defendant, Square D Company, by and through its attorneys KELLEY JASONS McGUIRE & SPINELLI, L.L.P., hereby moves to preclude any evidence regarding warnings placed on the subject press brake after the alleged incident at trial for the reasons set forth herein:

1.This product liability action was commenced by Complaint filed on June 20, 2002.

2.By his Complaint, Plaintiff Justin Braun alleges personal injuries resulting from a workplace injury which he sustained in the course of his employment as a sheet metal worker.

3. Specifically, Braun alleges that his hand was crushed by the ram of a press brake machine which he had been using to bend metal pieces for his employer, the Bohrer-Reagan Company.

4. Plaintiff's liability claims against moving Defendant, Square D Company, (hereinafter "Square D") are premised upon the allegation that it manufactured a foot switch which was attached to the press brake and which was used to actuate the machine.

5. Through the course of discovery, testimony and photographs regarding the subject press brake, have established that warnings were placed on the subject press brake after Plaintiff's alleged injury.

6. The Federal Rules of Evidence require that evidence of subsequent remedial measures, taken after an injury-causing event, be excluded if offered to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a **warning or instruction** with respect to the event. Fed.R.Evid. 407 (emphasis added).

7. The United States District Court for the Eastern District of Pennsylvania has recognized the public policy underlying the evidentiary rule barring evidence of subsequent remedial measures, and has consistently precluded evidence of such measures. See <u>Wusinich v. Aeroquip Corporation</u>, 843 F.Supp. 959 (E.D.Pa 1994).

8. To the extent Plaintiff seeks to use warnings placed on Engel's press brake after Plaintiff's alleged injury, it should be precluded under Fed.R.Evid. 407 as a subsequent remedial measure.

9. Evidence of warnings placed on Engel's press brake after Plaintiff's alleged injury is irrelevant to Plaintiff's liability claims against Square D, as well as prejudicial. Thus, in addition to Federal Rule of Evidence 407, such evidence should be excluded under Federal Rules of Evidence 402 and 403.

10. Defendant, Square D Company, incorporates the attached Memorandum of Law by reference to its Motion in Limine.

**WHEREFORE**, Defendant, Square D Company, respectfully requests that this Honorable Court enter the attached Order and preclude any evidence of warnings placed on Engel's press brake after Plaintiff's alleged injury.

        Respectfully submitted,

        KELLEY JASONS McGUIRE & SPINELLI, L.L.P.

BY: _____
        W. Matthew Reber
        Angela M. Coll
        **Attorneys for Defendant,**
        **Square D Company**

Dated: August 11, 2003

**KELLEY JASONS McGUIRE & SPINELLI, L.L.P.**
BY: W. Matthew Reber, Esquire
　　Angela M. Coll, Esquire
Attorney I.D. No. 67035/87488
Suite 1500, Centre Square West
1500 Market Street
Philadelphia, PA  19102
(215) 854-0658

| | |
|---|---|
| JUSTIN M. BRAUN,<br>　　　　　Plaintiff,<br>　vs.<br><br>SQUARE D COMPANY and<br>ENGEL INDUSTRIES, INC.,<br>　　　　　Defendants. | :IN THE UNITED STATES<br>:DISTRICT COURT FOR THE<br>:EASTERN DISTRICT OF<br>:PENNSYLVANIA<br>:<br>:<br>:Docket No.  02-4001<br>:<br>:JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE OF DEFENDANT, SQUARE D COMPANY, TO PRECLUDE ANY EVIDENCE OF WARNINGS PLACED ON THE SUBJECT PRESS BRAKE AFTER PLAINTIFF'S ALLEGED INJURIES**

**I.　　BACKGROUND**

　　This product liability action was commenced by Complaint filed on June 20, 2002.  By his Complaint, Plaintiff Justin Braun alleges personal injuries resulting from a workplace injury which he sustained in the course of his employment as a sheet metal worker.

　　Specifically, Braun alleges that his hand was crushed by the ram of a press brake machine which he had been using to bend metal pieces for his employer, the Bohrer-Reagan Company.  Plaintiff sued the manufacturer of the press brake machine (Engel Industries, hereinafter "Engle") and Square D Company (hereinafter "Square D").

Plaintiff's liability claims against Square D are premised upon the allegation that it manufactured a foot switch which was attached to the press brake and which was used to actuate the machine. The Complaint asserts similar negligence, strict liability and breach of warranty claims against both Engle and Square D.

Through testimony and photographs of the press brake, it has been established that warning statements were placed on the press brake in question after Plaintiff's alleged injury.

Square D now moves the Court in limine to preclude evidence or argument concerning the addition of warnings to the subject press brake after Plaintiff's alleged injury, since any such evidence is plainly inadmissible under the Federal Rules of Evidence.

## II.    LEGAL ARGUMENT

The Federal Rules of Evidence require that evidence of subsequent remedial measures, taken after an injury-causing event, be excluded if offered to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction with respect to the event. Fed.R.Evid. 407. Specifically, Federal Rule of Evidence 407 states:

> When after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, **or a need for a warning or instructions**…

Fed.R.Evid. 407 (emphasis added). In applying the rule, the United States District Court for the Eastern District of Pennsylvania has recognized that the public policy underlying

the evidentiary rule barring evidence of subsequent remedial measures is to "encourage manufacturers to make improvements for greater safety." <u>Wusinich v. Aeroquip Corporation</u>, 843 F.Supp. 959 (E.D.Pa 1994).   Fed.R.Evid. 407 specifically precludes warnings or instructions used after the time of an alleged incident.

In this case, testimony and photographs show that at some point following the alleged accident, warnings were placed on the subject press brake. The warning labels placed on the press brake following the accident clearly constitute a subsequent remedial measure, inadmissible under Fed.R.Evid. 407.  The only plausible reason for attempting to introduce the evidence is to suggest a defect in the press brake and/or foot switch, which is expressly precluded under Fed.R.Evid. 407.   Accordingly, the evidence of the warnings should be precluded, and any photographs depicting the warning labels should be appropriately redacted.

In addition to being inadmissible under Fed.R.Evid. 407, the warning labels placed on the subject press brake are also inadmissible under Fed.R.Evid. 402 and 403. The Federal Rules of Evidence state that evidence which is not relevant is not admissible. Fed.R.Evid. 402.  The Federal Rules of Evidence also state that even if evidence is found to be relevant, it may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Fed.R.Evid. 403.

Evidence of warning labels placed on the Engel press brake after Plaintiff's alleged injury are irrelevant to Plaintiff's liability claims against Square D.  Further, even if such evidence had any probative value, it would be subject to exclusion under

Fed.R.Evid. 403, since it would be overly prejudicial. In particular, reference to the post-accident warnings would permit Plaintiff to create the impression that a determination had been made that the machine and/or the foot switch were defective. Such a result would be patently unfair to Square D.

      The only plausible purpose for presenting evidence of the warning labels placed on the Engle press brake after Plaintiff's alleged accident is to suggest a defect. As such it is plainly inadmissible under the Federal Rules of Evidence.

- 9 -

**III.   CONCLUSION**

**WHEREFORE**, Defendant, Square D Company, respectfully requests that this Honorable Court enter the attached Order and preclude any evidence regarding the addition of warning statements to the subject press brake after Plaintiff's alleged injury, since it would permit Plaintiff to introduce evidence in contravention to the Federal Rules of Evidence.

    Respectfully submitted,

    KELLEY JASONS McGUIRE & SPINELLI, L.L.P.


BY: _____
    W. Matthew Reber
    Angela M. Coll
    **Attorneys for Defendant,**
    **Square D Company**

Dated: August 11, 2003

## CERTIFICATE OF SERVICE

I, Angela M. Coll, Esquire, hereby certify that a true and correct copy of Defendant, Square D Company's, Motion in Limine, to preclude any evidence of warnings placed on the subject press brake after Plaintiff's alleged injury, was served upon the following counsel via First Class Mail, postage pre-paid, on August 11, 2003.

| Peter F. Schuchman, Jr., Esquire<br>Kozloff Stoudt<br>2640 Westview Drive<br>PO Box 6286<br>Wyomissing, PA  19610<br>**Attorney for Plaintiff** | Michael P. Zipfel, Esquire<br>Rawle & Henderson, LLP<br>The Widener Building, 16th Floor<br>One South Penn Square<br>Philadelphia, PA  19107<br>**Attorney for Defendant,**<br>**Engel Industries, Inc.** |
|---|---|

                                  Angela M. Coll, Esquire