Peter F. Schuchman, Jr., Esquire
Pa. Attorney ID# 69343
KOZLOFF STOUDT
2640 Westview Drive
PO Box 6286
Wyomissing, PA  19610
(610) 670-2552                              Attorneys for Plaintiff

---

| | |
|---|---|
| JUSTIN M. BRAUN, | : IN THE UNITED STATES DISTRICT |
| | : COURT FOR THE EASTERN DISTRICT OF |
| Plaintiff | : PENNSYLVANIA |
| | : |
| v. | : Docket No. 02-CV-4001 |
| | : |
| SQUARE D COMPANY and | : JURY TRIAL DEMANDED |
| ENGEL INDUSTRIES, INC., | : |
| Defendants | : |

---

### PLAINTIFF'S ANSWER TO DEFENDANT ENGEL INDUSTRIES, INC.'S MOTION IN LIMINE TO PRECLUDE CERTAIN LIABILITY EXPERT OPINIONS

---

1.      Admitted.

2.      Admitted.

3.      Admitted in part and denied in part.  In certain applications, such as in this case, holding a small piece of sheet metal in place while bending is not required.  Use of one's hands to move pieces in and out of the point of operation is typical.

4.      Admitted.  By way of further answer, the model switch was the identical model supplied initially by Engel.

5.      Admitted.

6.      Denied as stated.  Justin Braun's deposition testimony is self-evident.

7.      Denied as stated.  The witnesses' testimony about the length of instruction

is self-evident.

8. Denied as stated. Justin Braun's deposition testimony is self-evident.

9. Denied as stated. Justin Braun's deposition testimony is self-evident.

10. Admitted. By way of further answer, Plaintiff is proceeding at trial solely under a strict products liability theory.

11. Admitted.

12. Denied as stated. The report is self-evident. By way of further answer, Plaintiff denies Defendants' conclusions of law and avers to the contrary that Braun's actions were foreseeable to both Defendants and the opinions are admissible because they are based upon the facts in evidence and are helpful to assist the jury in understanding conditions in an industrial setting and Justin Braun's use of the Bendall on the day he was injured.

13. Denied as stated. The report is self-evident. By way of further answer, Plaintiff denies Defendants' conclusions of law and avers to the contrary that the opinions are admissible because they are helpful to assist the jury in understanding the defective condition of the Bendall, regardless of whether or not they assist the jury in understanding the issue of causation.

WHEREFORE, Plaintiff, Justin M. Braun, requests this Honorable Court to enter an ORDER that Defendant Engel's Motion in Limine be DENIED.

KOZLOFF STOUDT

_____/s/_____
Peter F. Schuchman, Jr.
Attorneys for Plaintiff, Justin Braun

Peter F. Schuchman, Jr., Esquire
Pa. Attorney ID# 69343
KOZLOFF STOUDT
2640 Westview Drive
PO Box 6286
Wyomissing, PA  19610
(610) 670-2552                                             Attorneys for Plaintiff
_____

| | |
|---|---|
| JUSTIN M. BRAUN, | : IN THE UNITED STATES DISTRICT COURT |
| | : FOR THE EASTERN DISTRICT OF |
| Plaintiff | : PENNSYLVANIA |
| | : |
| vs. | : Docket No. 02-CV-4001 |
| | : |
| SQUARE D COMPANY and | : JURY TRIAL DEMANDED |
| ENGEL INDUSTRIES, INC., | : |
| Defendants | : |

_____

## Certificate of Service
_____

    I, Peter F. Schuchman, Jr., Esquire, attorney for Plaintiff, certify that on August 15, 2003, that I electronically filed the foregoing *Plaintiff's Answer to Defendant Engel's Motion in Limine and Brief in Opposition to Defendant Engel's Motion in Limine* via the ECF system and it is available for viewing and downloading from the ECF system.  I further certify that the foregoing *Plaintiff's Answer to Defendant Engel's Motion in Limine and Brief in Opposition to Defendant Engel's Motion in Limine* was served upon the following party by first class mail:

| | |
|---|---|
| Michael P. Zipfel, Esquire | W. Matthew Reber, Esquire |
| Rawle & Henderson LLP | Center Square West, Suite 1500 |
| The Widener Building, 16th Floor | 1500 Market Street |
| 1339 Chestnut Street | Philadelphia, PA 19102 |
| Philadelphia, PA 19102 | |

                                              KOZLOFF STOUDT


                                          _____/s/_____
                                          Peter F. Schuchman, Jr., Esquire
                                          Attorney for Plaintiff

Peter F. Schuchman, Jr., Esquire
Pa. Attorney ID# 69343
KOZLOFF STOUDT
2640 Westview Drive
PO Box 6286
Wyomissing, PA  19610
(610) 670-2552                             Attorneys for Plaintiff

---

| | |
|---|---|
| JUSTIN M. BRAUN, | : IN THE UNITED STATES DISTRICT |
| | : COURT FOR THE EASTERN DISTRICT OF |
| Plaintiff | : PENNSYLVANIA |
| | : |
| v. | : Docket No. 02-CV-4001 |
| | : |
| SQUARE D COMPANY and | : JURY TRIAL DEMANDED |
| ENGEL INDUSTRIES, INC., | : |
| Defendants | : |

---

### BRIEF IN OPPOSITION TO DEFENDANT ENGEL INDUSTRIES, INC.'S MOTION IN LIMINE TO PRECLUDE CERTAIN LIABILITY EXPERT OPINIONS

---

I.   STATEMENT OF QUESTIONS INVOLVED:

SHOULD THE COURT ADMIT THE OPINION TESTIMONY OF PLAINTIFF'S LIABILITY EXPERTS, EVEN THOUGH IT MAY EMBRACE AN ULTIMATE ISSUE IN THE CASE?

SUGGESTED ANSWER: YES.

II.  STATEMENT OF THE FACTS:

Justin Braun incorporates by reference herein the Statement of Facts contained in his Brief in Opposition to Defendant Engel's Motion for Partial Summary Judgment as fully as though the same were set forth verbatim.  Defendant Engel has filed a Motion in Limine to preclude certain opinions of Plaintiff's liability expert despite acknowledging that opinion testimony is admissible even though it may encompass an ultimate issue to be

decided by the jury. Plaintiff has filed an Answer to the Motion and also files this Brief in Opposition.

III.   ARGUMENT:

THE TESTIMONY OF PLAINTIFF'S LIABILITY EXPERTS COMPORTS WITH F.R.E 702 et seq.

As Engel acknowledges, "... testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." F.R.E. 704(a). Testimony by experts is admissible if it will assist the trier of fact to understand the evidence or to determine a fact in issue. F.R.E. 702. Plaintiff intends to introduce the testimony of his liability expert to help the lay persons who will comprise the jury understand the evidence in this case.

The industrial setting in which Justin Braun was laboring is not familiar to the average juror. Complex machinery such as the Bendall Press Brake is also beyond the average juror's experience and understanding. The testimony of Plaintiff's experts will help the jurors understand the sheet metal bending process, the wearing of steel toed boots, the average person's fundamental belief that all machinery is safe and the average employee's desire to perform his assigned tasks in accordance with directions from his supervisor and in the most efficient manner possible. Such testimony distinguishes this case from the Rossman case cited by Engel. In that case, the Court held the expert testimony inadmissible because it was not helpful to the juror because it was within common experience to be jostled in a crowded market.

The <u>Habererm</u> case actually supports Plaintiff's position. In that case, the Court acknowledged, "[c]ourts do allow testimony about the standard practices, procedures, and customs of those engaged in an industry when helpful to the trier of fact to resolve factual issues. Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan & Trust Agreement, 812 F. Supp. 1376, 1378 (E.D. Pa., 1992) (citations ommitted). The expert testimony there was not excluded on the basis that it asserted that Defendants acted reasonably in that they followed the standard practice of employers in obtaining releases when distributing pension benefits, but because it went to "real issue" in the case whether that practice violates ERISA §§ 410, 29 U.S.C. §§ 1110(a). The Court continued, "[t]his is a legal issue for the court rather than an issue of fact for the trier of fact." <u>Id.</u>

The other thrust of Engel's Motion in that Plaintiff's Liability experts may not offer opinions regarding Point-of-Operation guards. This request is overly broad and, if granted, would exclude testimony that Engel has not challenged. Specifically, Engel has challenged expert opinion regarding whether or not the absence of segmented point of operation guards abutting the point of insertion "may have" prevented Justin's injury. The only challenge therefore, is whether or not the opinion about the <u>causal link</u> between that defect and Justin's injury may be admitted. Plaintiff will offer the evidence solely as one of several examples of the defective nature of the Bendall, which will help the jury understand the need for guards, vis a vis, the hazards presented by the machine. Among the Plaintiff's burdens is to demonstrate that the Bendall lacked every element necessary to make it safe for its intended use. The proferred testimony is designed to meet that

3

burden and should be admitted.

The non-challenged testimony about point of operation guards should be admitted. There are other point of operation guards, such as remote actuation means and a two handed switch on which Plaintiff's expert will opine. The testimony will be that the Bendall is defective without such point of operation guards and that the absence of such safety mechanisms <u>was</u> a proximate cause of Justin's injury. Engel has not challenged that testimony and, therefore, Justin Braun should be permitted to elicit such testimony at trial.

IV    CONCLUSION:

For all the foregoing reasons, Justin Braun requests that this Honorable Court enter an Order that Defendant Engel's Motion in Limine be DENIED.

                                        Respectfully Submitted,

                                        KOZLOFF STOUDT


                                        _____/s/_____
                                        Peter F. Schuchman, Jr.
                                        Attorneys for Plaintiff, Justin Braun