IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN M. BRAUN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SQUARE D COMPANY and | : | NO. 02-4001 |
| ENGEL INDUSTRIES, INC. | : | JURY TRIAL DEMANDED |

**RESPONSE OF DEFENDANT ENGEL INDUSTRIES, INC.
TO PLAINTIFF'S MOTION *IN LIMINE* (NO. 1)**

Defendant Engel Industries, Inc., by its attorneys, Rawle & Henderson LLP, hereby responds to plaintiff's Motion *in Limine* (No. 1) as follows:

1. Admitted.

2. This paragraph does not require a response from answering defendant.

3. Denied as stated. Defendant Engel Industries, Inc. does intend to introduce evidence and argue that the cause of plaintiff's accident was the plaintiff's own reckless conduct and/or his misuse of the products in question and the conduct of his employer, Bohrer-Reagan Company, which is clearly permissible under Pennsylvania law.

4. Denied.

5. Denied. In his report, Mr. Krafchick offers the opinion that the Engel press brake is not defective.

6. The allegations contained in paragraph 6 constitute conclusions of law and they are, therefore, deemed denied. Furthermore, under Pennsylvania law, evidence of plaintiff's conduct and the conduct of third persons is admissible so the jury can make a determination regarding the issue of causation.

7-8. These allegations are not directed to answering defendant. Therefore, a response from answering defendant is not required.

862162 v.1

2

WHEREFORE, defendant, Engel Industries, Inc. respectfully requests that this Court enter an Order denying plaintiff's Motion *in Limine* (No. 1).

                                      RAWLE & HENDERSON LLP

                              By:_____
                                      Michael P. Zipfel, Esquire
                                      Identification No. 57303
                                      The Widener Building
                                      One S. Broad Street
                                      Philadelphia, PA 19107
                                      Attorneys for defendant,
                                      Engel Industries, Inc.

Dated:   August 28, 2003

862162 v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN M. BRAUN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SQUARE D COMPANY and | : | NO. 02-4001 |
| ENGEL INDUSTRIES, INC. | : | JURY TRIAL DEMANDED |

**DEFENDANT ENGEL INDUSTRIES, INC.'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* (NO. 1)**

**A.     Evidence Of Plaintiff's Conduct**

Under Pennsylvania law, "[t]he progress of the law in extending liability without fault to product suppliers [has not been] in disregard of fundamentals pertaining to the law of tort causation." Bascelli v. Randy, Inc., 488 A.2d 1110 (Pa.Super. 1985). Thus, "evidence of plaintiff's voluntary assumption of the risk, misuse of a product, or highly reckless conduct is admissible insofar as it relates to the element of causation." Charlton v. Toyota Industrial Equipment, 714 A.2d 1043, 1047 (Pa.Super. 1998). Therefore, "[a]lthough a defendant cannot argue that a plaintiff was negligent, a defendant can argue that the plaintiff's conduct, not the alleged defect, was the sole cause of [his] injuries." Wilson v. Vermont Castings, 170 F.3d 391, 396 (3d Cir. 1999); see also Wilson v. Vermont Castings, 977 F.Supp. 691, 697-99 (M.D.Pa. 1997); see e.g. Madonna v. Harley Davidson, Inc.; 708 A.23 507 (Pa.Super. 1998).

In this case, whether plaintiff's accident was caused by his misuse of the product and/or his highly reckless conduct are clearly questions to be decided by a jury. See e.g. Dougherty v. Edward J. Meloney, Inc., 661 A.2d 375 (Pa.Super. 1995), appeal denied, 544 Pa. 608, 674 A.2d 1072 (1996); Bartkewich v. Billinger, 432 Pa. 351, 247 A.2d 603 (1968). In Bartkewich, the plaintiff was injured when he stuck his hand inside a glass machine. Like the plaintiff in this case, the plaintiff argued that the machine was defective because it should have

been equipped with warnings, an on-off switch closer to the plaintiff's position and a "barrier or other guard to keep individuals from putting their extremities into the machine." Id. at 353, 247 A.2d at 604. The Pennsylvania Supreme Court held, however, that plaintiff's misuse of the machine was not only admissible, it precluded plaintiff from recovering as a matter of law.

The Supreme Court held that strict liability should only apply "where the absence of the [proposed] safety device caused an accidental injury which was of the type that could be expected from the normal use of the product." Id. at 354, 247 A.2d at 605. The Court held that the manufacturer was not liable to someone who "put himself in an obviously dangerous position by reaching into the moving machine rather than walking around to where he knew the controls were." Id. at 355, 247 A.2d at 605.06. The manufacturer was not "obligated to build a machine that was designed not only to keep glass in, but also to keep people out." Id. at 355, 247 A.2d at 605. The Court noted that the manufacturer was not required "to install a guard rail which would prevent a person from voluntarily putting himself at so obvious a risk." Id. at 356, 247 A.2d at 606. Furthermore, the Court rejected the notion that the manufacturer was required to provide a warning because it is no "more necessary to tell an experienced factory worker that he should not put his hand into a machine that is at that moment breaking glass than it would be necessary to tell a zookeeper to keep his head out of a hippopotamus' mouth." Id. at 356, 247 A.2d at 606.

In this case, plaintiff will argue that Bartkewich is distinguishable because the machine in that case was operating when the operator inserted his hand. That distinction may be sufficient to avoid summary judgment based on the misuse defense, but it is not sufficient to preclude the jury from considering whether plaintiff's conduct was the cause of the accident.

In this case, plaintiff's experts have not identified a guard that could effectively keep an operator's hand out of the work area. Therefore, at most, plaintiff can argue that the brake press was defective due to a lack of warnings. The plaintiff has already admitted,

2

however, that he knew that he needed "to be careful about where the blade is **at all times**." See Deposition of J. Braun, Exhibit "H" to Engel's Motion for Partial Summary judgment, at p. 49 (emphasis added). Therefore, it is clearly a jury question as to whether a warning would have made any difference in plaintiff's conduct.

In response to Engel's Motion for Partial summary judgment, plaintiff argues that a warning should have been provided to advise that the machine could operate when the operator did not expect it. In this case, however, there is no allegation and certainly no evidence that the machine activated on its own. The accident occurred because the plaintiff put his hand in the work area while his foot was still inside the foot switch; in fact, he put his hand in the work area at the same moment that he lifted his foot in the air with the pedal attached. It is a jury question as to whether the plaintiff should have realized that his boot did not slide in and out of the foot switch easily. More importantly, it is certainly a jury question as to whether plaintiff misused the products in question and/or whether his conduct was highly reckless since he understood the danger presented by putting your hand in or near the work area.

B.  **Evidence Of The Employer's Conduct**

Evidence regarding the conduct of plaintiff's employer is also highly relevant in this case since it relates to the issue of causation. For example, plaintiff contends that written warnings or manuals should have been provided with the products in question. However, even when written manuals were provided, plaintiff's employer did not show them to its employees. Instead, the employer relied on oral training for teaching new employees about the machines in its shop. In this case, however, the plaintiff was operating the machine for the first time, his employer assigned another sheet metal apprentice to provide the oral training and, after five

minutes, that co-employee was told to return to his own duties. Therefore, the conduct of plaintiff's employer is certainly relevant to the issue of causation because, under Pennsylvania law, plaintiff must present sufficient evidence to support a conclusion, rather than a guess, that the existence of a different warning would have prevented the accident. See e.g. Staymates v. ITT Holub Industries, 527 A.2d 140, 147-48 (Pa.Super. 1987). Also, it is a jury question as to whether the employer's failure to follow its own training procedures was reckless conduct.

Furthermore, defendant Engel Industries, Inc. believes that plaintiff's strict liability claims are defeated by the application of Section 452(2) of the Restatement (Second) of Torts, which provides that a third person's failure to prevent harm becomes a superseding cause:

> where, because of lapse of time or otherwise, the duty to prevent harm to another threatened by the actor's negligent conduct is found to have shifted from the actor to a third person.

Restatement (Second) of Torts §452(s); see e.g. Meuller v. Jeffrey Manufacturing Co., 494 F.Supp. 275 (E.D.Pa. 1980). In this case, the Bendall press brake was sold to plaintiff's employer approximately 32 years before the accident and, during that 32 year span, ANSI and OSHA established standards that require **employers** to protect personnel from point-of-operation hazards. Therefore, it is a jury question as to whether plaintiff's strict liability claims against Engel Industries are superceded based on the obligations/duties of plaintiff's employer, Bohrer-Reagan Company.

4

**C.     Conclusion**

        Based on the foregoing, defendant Engel Industries, Inc. respectfully requests that this Court enter an Order denying Plaintiffs' Motion *In Limine* (No. 1).

        RAWLE & HENDERSON LLP

        By:_____
                Michael P. Zipfel, Esquire
                Identification No. 57303
                The Widener Building
                One S. Broad Street
                Philadelphia, PA 19107
                Attorneys for defendant,
                Engel Industries, Inc.

Dated: August 28, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN M. BRAUN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SQUARE D COMPANY and | : | NO. 02-4001 |
| ENGEL INDUSTRIES, INC. | : | JURY TRIAL DEMANDED |

# ORDER

AND NOW, this ____ day of _____, 2003, upon consideration of Plaintiff's Motion *in Limine* (No. 1) and the response of defendant Engel Industries, Inc., it is hereby ORDERED that the Motion is DENIED.

**BY THE COURT:**

_____

J.

CERTIFICATE OF SERVICE

      I, Michael P. Zipfel do hereby certify that a copy of the foregoing Response of Engel Industries to Plaintiff's Motion *in Limine* (No. 1) was sent via first class mail, postage pre-paid on August 28, 2003 to the following:

| | |
|---|---|
| Peter F. Schuchman, Jr., Esquire | W. Matthew Reber, Esquire |
| Kozloff & Stoudt | Kelley, Jasons, McGuire & Spinelli |
| 2640 Westview Drive | Suite 1500, Centre Square West |
| PO Box 6286 | 1500 Market Street |
| Wyomissing, PA 19610 | Philadelphia, PA 19102 |

RAWLE & HENDERSON, LLP


By:_____
      Michael P. Zipfel, Esquire
      Identification No. 57303
      One S. Broad Street
      The Widener Building
      Philadelphia, PA 19107

862162 v.1